# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mid-Ohio Valley Transit Authority,**
**A Public Transit Authority,**
**Defendant Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0635** (Wood County 11-C-159)

**Amalgamated Transit Union Local 1742,**
**AFL-CIO, a Labor Organization,**
**Plaintiff Below, Respondent**


## MEMORANDUM DECISION

Petitioner Mid-Ohio Valley Transit Authority, a Public Transit Authority ("MOVTA"), by counsel, Fred F. Holroyd, appeals the Circuit Court of Wood County's order entered April 20, 2012, granting summary judgment in favor of respondent. Amalgamated Transit Union Local 1742, AFL-CIO, a labor organization ("the Union"), by counsel Joseph S. Pass and Walt Auvil, has filed a response. Petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner MOVTA voluntarily recognized the Union and negotiated several agreements with it to provide personnel for its transit system. In 2002, MOVTA refused to process a grievance that arose under the parties' collective bargaining agreement, alleging that it was not obligated to proceed to arbitration and disavowed the bargaining relationship with the Union. The Union filed suit in the circuit court, and MOVTA was ordered by the circuit court to proceed to arbitration. During that case, MOVTA was also ordered to undergo interest arbitration after the initial grievance arbitration, and through the interest arbitration a new collective bargaining agreement was achieved. MOVTA appealed that decision to this Court, but the appeal was refused.

The two parties entered into a collective bargaining agreement, effective July 1, 2009 through June 30, 2010, and extended by agreement on August 30, 2010. The agreement contains detailed provisions for resolving disputes regarding the interpretation and application of the provisions of the agreement. On October 6, 2010, the Union filed a grievance challenging MOVTA's decision discharging bus operator Brian Taylor as being without sufficient cause.

1

MOVTA upheld the discharge by letter from general manager Joe Lockhart dated November 4, 2010.

On April 26, 2011, Local 1742 filed a complaint and request for mandatory injunction, arguing that MOVTA was refusing to proceed to grievance or interest arbitration, in violation of the parties' collective bargaining agreement, on the issue of Taylor's discharge. The Union also claimed violations of § 13(c) of the Urban Mass Transportation Act of 1964, 49 U.S.C. § 5333(b),[1] whereby a state or local government must preserve transit workers' existing collective bargaining rights before that government may receive federal financial assistance. In order to receive federal funds, a transit authority must abide by certain provisions in this section, including submitting all labor disputes to arbitration, including participation in arbitration for a successor labor agreement (i.e., interest arbitration).

MOVTA filed a motion to dismiss the complaint based on *Kirkpatrick v. Mid-Ohio Valley Transit Authority*, 188 W.Va. 247, 423 S.E.2d 856 (1992), and after arguments the motion was denied. The parties unsuccessfully participated in mediation on November 15, 2011. The Union then filed a motion for summary judgment on all claims. On April 20, 2012, the circuit court granted that motion and entered "Findings of Facts, Conclusions of Law, and Order," in favor of the Union.

On appeal, petitioner argues that the circuit court erred in several ways. First, petitioner argues that the circuit court erred in finding that this Court's decision in *Kirkpatrick* did not apply to the issues in this case, and in not following Attorney General C. Donald Robertson's 1962 opinion that public employees cannot delegate the final determination of wages, hours, and working conditions. Petitioner also argues that the circuit court erred in holding that a state court has the power to enforce Section 13(c) of the Federal Transit Act. Next, petitioner argues that the collective bargaining agreement was wrongly applied to the renewal of the collective bargaining agreement when in fact, it only applies to individual agreements over violation of said agreement. Petitioner also argues that the circuit court erred in holding that MOVTA must submit to interest arbitration, and erred in holding that the 2002 decision involved an "identical factual setting" as the case before this Court. Finally, petitioner argues that the circuit court erred in not holding that interest arbitration is contrary to the Constitution of West Virginia, and in holding that MOVTA was obligated to submit the grievance of Brian Taylor to arbitration.

The Union responds in favor of affirming the circuit court's order granting summary judgment. This Court agrees with the decision of the circuit court. This Court reviews the circuit court's entry of summary judgment under a *de novo* standard of review. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). "Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party . . . ." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). First, the *Kirkpatrick* decision does not apply in this case, as we agree with the Union's argument that the sole issue in that case was whether West Virginia Code § 8-27-21 imposed a statutory authority upon MOVTA to initially recognize and enter into negotiations with the

---

[1] This provision is also known as the Federal Transit Act.

Steelworkers. The Court found that MOVTA did not have to initially recognize the union. After *Kirkpatrick,* MOVTA voluntarily recognized the Union herein. Once MOVTA recognized the Union as the exclusive representative, a new relationship was born that gave rise to statutory, contractual and other legal obligations for both parties. We also agree with the Union regarding the inapplicability of the 1962 Attorney General Opinion, as it is nonprecedential and it predates the passage of the West Virginia Urban Mass Transportation Act and the Urban Mass Transportation Act of 1964, therefore making it irrelevant.

This Court also agrees with the circuit court's finding that Section 13(c) of the Federal Transit Act may be enforced by state courts as per the opinion of the Supreme Court of the United States in *Jackson Transit Authority v. Local Division 1285, Amalgamated Transit Union, AFL-CIO-CLC,* 457 U.S. 15 (1982). As to the collective bargaining agreement, we agree with the Union that the evidence shows that the parties mutually extended their agreement until the dispute resolution process was completed. Moreover, this Court agrees with the circuit court's finding that MOVTA must submit to interest arbitration as per the collective bargaining agreement, and agrees that the 2002 decision is binding on this litigation. We concur that there is no legal support for the contention that interest arbitration is contrary to the Constitution of West Virginia. Finally, this Court finds that the parties herein are subject to the West Virginia Urban Mass Transportation Authority Act, West Virginia Code § 8-27-21 *et seq.*, and that this provision subjects them to arbitration over grievances.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: May 17, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II