# CHARLESTON

LEVY *v.* SCOTTISH UNION AND NATIONAL INSURANCE COMPANY.

Submitted March 1, 1905.    Decided December 15, 1905.

1. APPEAL—*Continuance, Refusal Of.*

It is well settled as a general rule that the question of continuance is in the sound discretion of the trial court, which will not be reviewed by the appellate court except in case it clearly appears that such discretion has been abused. (p. 551.)

2. INSURANCE—*Action on Policy—Evidence—Award.*

Upon an issue involving the question whether there was, or not a verbal submission between the plaintiff and defendant and a written award of arbitrators ascertaining the loss under a fire insurance policy, where another insurance company and plaintiff had in writing submitted their differences, touching the same loss, to arbitrators who had returned a written award, the defendant claiming to be a party thereto by verbal agreement of submission to the same arbitrators and having offered evidence tending to prove that fact, offered in evidence a written award to which defendant claimed it was a party, which award is as follows:

"AWARD OF APPRAISERS.

"To the Parties in Interest:

"We have carefully examined the premises and remains of the property, hereinbefore specified, in accordance with the foregoing appointment, and we have appraised and determined the actual sound value

to be six hundred and sixty-three 68-100 ($663.68-100) dollars and the damages on same to be four hundred and forty-two 92-100 ($442.92-100) ...., which includes totally consumed goods, 'dollars.'

Witness our hands this 31st day of December, 1898.

(Signed)   R. H. Bell,

(Signed)   T. J. Boyd, ·

(Signed)   J. L. Richardson,

Appraisers."

*Held*: Error to exclude the said written award from the jury. (p. 553.)

3. Insurance—*Award—Evidence*.

Such written award being admitted in evidence the plaintiff would be entitled to introduce any evidence, oral or documentary, tending to discredit the award as being an award between the plaintiff and defendant, or to which defendant was in any way a party. . (p. 553.)

4. Trial—*Instructions*.

It is error to instruct the jury hypothetically upon a state of facts when there is no evidence in the case tending to prove such facts. (p. 555.)

5. Arbitration and Award—*Revocation*.

After an award is made and published, neither party can revoke the submission without the consent of the other. (p. 556.)

Error to Circuit Court, Kanawha County.

Action by Annie Levy against the Scottish Union & National Insurance Company. Judgment for plaintiff, and defendant brings error.

*Reversed.*

Watts & Ashby and Chilton, MacCorkle & Chilton, for plaintiff in error.

A. B. Littlepage, Brown, Jackson & Knight, and Angus W. McDonald, for defendant in error.

McWhorter, Judge:

This is an action brought by Annie Levy against the Scottish Union and National Insurance Company, in the circuit court of Kanawha county, to recover for a loss by fire, on an insurance policy issued by the defendant on a stock of goods in a store house in the City of Charleston. The Insurance on the goods was for $850, the same policy carried $150 on fixtures in the said store. The amount of loss of fixtures was agreed between the parties and paid by

the defendant. Plaintiff also carried $1,000.00 insurance on the same stock of goods in the Germania Insurance Company. The loss occurred on the 26th of December, 1898. William Lohmeyer was the agent of the defendant company and R. S. Frazier was the agent for the Germania Company. The agent of the defendant company being called away from the city of Charleston the day after the fire, requested and authorized Frazier the agent of the Germania Company, to act for the defendant company in adjusting the loss. An appraisement was demanded by Mr. Frazier on behalf of both companies. The plaintiff by her attorney, A. B. Littlepage, refused to enter into an appraisement until he was satisfied by Mr. Frazier that both companies would be bound by any award made. Mr. Littlepage then made out an agreement for submission in writing. Mr. Frazier objected to signing Mr. Lohmeyer's name to it, but assured Littlepage that Lohmeyer would sign it immediately upon his return. The plaintiff and Frazier each selected an appraiser and said appraisers selected an umpire and proceeded to discharge their duties, and made their award and finding on December 31, 1898. The award showed the actual sound value of the goods in the store at the time of the fire to be $663.68, and damages on same, including the value of the goods totally destroyed, at $442.92. The liability of the companies respectively, under the award, if all parties were bound by the award, was, the Germania $239.41, and defendant company $203.51. On Mr. Lohmeyer's return to Charleston he offered to sign the paper of submission but the paper was withheld from him by Mr. Littlepage, and he was not permitted to sign it. Tender was made by the defendant company for the amount it claimed to be liable for under the award. Plaintiff refused to accept the same and brought this action.

The defendant tendered seven pleas in writing to the filing of which plaintiff objected. The court overruled the objection and filed the pleas, to which ruling of the court plaintiff excepted. Plaintiff then demurred to each and all of said pleas, which demurrers were overruled. The plaintiff replied generally to each of said pleas and issue was joined thereon. Plaintiff also filed special replication in writing to pleas 5, 6, and 7, to the filing of which replications defendant objected; objection was overruled and replications filed and de-

fendant excepted, and entered general rejoinder to each of said replications, and issue was joined.

A jury was impanneled on the 23d day of March, 1900, and on the 27th of March, after a part of the evidence had been heard, plaintiff asked and obtained leave to file an amended statement of facts relied upon in waiver of the matters alleged in defendant's pleas, Nos. 5, 6, and 7, to the filing of which defendant objected, which objection was overruled and the statement filed, to which ruling defendant excepted and moved the court to withdraw a juror and continue the cause on the ground that defendant was surprised by the introduction of new matter in the statement filed, which motion was also overruled and defendant excepted. The jury returned a general verdict for plaintiff assessing her damages at $802.17; and returned certain special findings upon interrogatories asked to be submitted to them by the defendant. The defendant moved to set aside the general verdict because it was contrary to the law and the evidence, and also to set aside the special findings upon the interrogatories propounded to the jury by the court at the instance of the defendant, which motion the court overruled and rendered judgment on said verdict in favor of plaintiff, to which rulings of the court defendant excepted.

Defendant's first plea was simply the general issue. The second set up a submission to an appraisement and award between the plaintiff on the one part and the defendant company and the Germania Company on the other part and a tender under the award of $203.51, the defendant's proportionate part of said award. Plea No. 3 was the same as plea No. 2, except that it alleged the agreement of submission and award to have been between the plaintiff and the defendant alone, and a tender of the amount that it claimed to be liable for under the award, the said $203.51. No. 4 alleged the liability of defendant under the policy to be the $203.51 and tendered the same. Plea No. 5 alleged the failure of plaintiff to furnish proof of loss within sixty days after the fire, as provided in policy, and No. 6 alleged default on part of the plaintiff to submit to examination, under oath, and to produce for examination all books of account, bills, invoices and other vouchers as required by the policy, and Plea No. 7 alleged failure on the part of the plain-

tiff to submit the loss to appraisement as provided and called for in the policy.

Plaintiff's principal ground of objection to the pleas was that they were inconsistent, stating inconsistent defenses; this objection is fully met by section 20, chapter 125, Code, where the only exception is the plea of *non est factum*, where without the leave of the court the defendant will not be permitted to plead any other plea inconsistent therewith. *Nadenbousch* v. *Sharer*, 2 W. Va., 285.

Plaintiff's special replication to pleas Nos. 5, 6, and 7 were to the effect that the defendant waived the performance of the several covenants and provisions of the policy in the respective pleas mentioned, and denied liability upon the policy.

During the trial the defendant took four several bills of exceptions. The first bill of exceptions was to the ruling of the court in that, after plaintiff and her other witnesses Beulah Slaughter and Adam B. Littlepage had been fully examined and after the defendant had offered its testimony-in-chief given by witness Adam B. Littlepage, R. S. Frazier, R. H. Bell, J. L. Richardson, Annie Bossey and William Lohmeyer, and pending the cross-examination by the plaintiff of defendant's witness Littlepage, recalled for the plaintiff, the court permitted the plaintiff to file "An amplification of the plaintiff's statement of facts relied upon to show a waiver of the alleged failure on her part to comply with the conditions of the policy of insurance sued upon, as set forth in defendant's pleas No. 5, 6, and 7." It is insisted by plaintiff in error that the filing of this statement worked a surprise to the defendant which entitled it to a continuance to enable it to meet the matters set up in the statement. The statement filed was but an amplification of the special replications filed to the pleas of defendant No. 5, 6, and 7. In *Harvey* v. *Insurance Co.*, 37 W. Va. 27, (Syl. pt. 7), it is held: "Under section 66, chapter 125, Code, the court may during the trial permit plaintiff to file a special statement of any matter in waiver, estoppel, or otherwise in confession and avoidance, as provided for by section 65, chapter 125, Code, as justice may seem to require; but this will not give defendant a continuance as a matter of right; but it is within the sound discretion of the trial-court." In *Capellar* v.

v. *Insurance Co.*, 21 W. Va. 576, such statements are held not to be in the nature of pleadings but in the nature of notices to the adverse party of the nature of the claim of defense intended to be set up against him. There is nothing contained in the statement permitted to . be filed, by way of amendments, that is not substantially stated in the special replications to the pleas. It has been well settled by this Court that the question of continuance is in the sound discretion of the trial-court, which will not be reviewed by the Appellate Court except in case where it clearly appears that such discretion has been abused. *Amos* v. *Stockart*, 47 W. Va. 109; *Bank* v. *Hamilton*, 43 *Id.* 75 (27 S. E. 296); *Marmet* v. *Archibald*, 37 W. Va. 778, (17 S. E. 299); see also 27 W. Va. 511; 24 *Id.* 21; 22 *Id.* 253.

The second error assigned is in the court refusing to allow in evidence, the award set out in bill of exceptions, No. 2, which award is as follows:

"AWARD OF APPRAISERS.

"To the Parties in Interest:
  "We have carefully examined the premises and remains of the property hereinbefore specified, in accordance with the foregoing appointment, and we have appraised and determined the actual sound value to be six hundred and sixty-three 68-100 ($663.68-100) dollars and the damages on same to be four hundred and forty-two 92-100 ($442.92-100)......, which includes totally consumed goods, 'dollars.'

Witness our hands this 31st day of December, 1898.

                          (Signed)   R. H. BELL,
                          (Signed)   T. J. BOYD,
                          (Signed)   J. L. RICHARDSON.
                                        Appraisers."

Lohmeyer, the agent of the defendant company, testified that on leaving town he authorized Frazier, the agent of the Germania Company, to represent him in adjusting the loss; Frazier, and Littlepage, the attorney for the plaintiff, agreed upon an appraisement and appointed appraisers, R. H. Bell and T. J. Boyd, who together appointed an umpire, J. L. Richardson; Littlepage prepared an agreement of submission in writing which agreement does not appear in the record.

Witness Frazier testified that he being authorized thereto by Wm. Lohmeyer, agent for defendant, appointed an appraiser for and on behalf of both companies and testified also that Littlepage and plaintiff selected an appraiser whose name witness had forgotten and when he found he could not get that man who lived up the river somewhere out of town, Mr. Littlepage substituted Mr. Bell. Defendant also introduced in evidence a letter of Adam B. Littlepage, attorney for plaintiff, written January 4, 1899, four or five days after the signing of the award, addressed to and enclosing to defendant company proof of loss in which he makes the following reference to the award: "I regret exceedingly that we do----------------feel justified in accepting the award recently made by the appraisers of about $445." He further says "The Court may force her to stand by the award, but I think not. The award, while intended as equitable and just upon the part of the appraisers, was a surprise to many people. The appraisers selected by your able and deserving adjuster certainly understood his business, and I am fearful that he cut so deep and his course was such in arriving at the adjustment that the result will not stand. Of this I may be mistaken, but it is my full determination to try to obtain for the assured that which she is entitled to at the hands of your company. I regret to be instrumental in having this matter legally adjudicated, but I guarantee to you that I am determined to have for this young woman that which I believe she is honestly entitled to at the hands of your company. I think the award was absolutely and unconditionally unjust, and the assured will not stand by it unless forced to do so by the Court." In this letter addressed to and received by the defendant company, the writer, Mr. Littlepage, attorney for the plaintiff, recognizes the company as a party to the award, and notified it that the award is unjust and that plaintiff would not stand by it unless forced to do so by the courts.

The defendant company offered in evidence the written award in connection with the oral testimony of R. S. Frazier, William Lohmeyer and the said letter of Adam B. Littlepage, attorney for plaintiff, to the company. It is true it is denied by plaintiff that there was an appraisement for and on behalf of the defendant company, but there was evidence

tending to prove that fact and also tending to prove that the appraisers named or who signed the written award had acted after a verbal agreement on the part of the plaintiff and defendant to submit to arbitration, and it is conceded and on motion of the defendant the jury were so instructed, that a verbal submission is sufficient, that it does not have to be in writing under the terms of the policy. The question as to whether there was a verbal agreement of submission between the plaintiff and the defendant company and if so whether there was an award in writing in pursuance of that submission, are questions for the jury to be deduced from all the evidence in the case, and it was for the jury to say whether the writing offered was an award returned in pursuance of the verbal agreement to submit between the parties to the action in case the jury should find there was such submission. The defendant was contending that there was a certain paper writing in existence and offered what they claim to be the genuine original paper, it was then for the plaintiff to show that it was not what it purported to be, and for this purpose she could not only introduce oral testimony but could introduce any writing that would tend to prove that it was not what it was claimed by defendant to be. The issue between the parties on this point was as to whether there had been a submission by them and if so whether there was a written award in pursuance thereof. There was much evidence tending to prove the submission; the defendant then offered in evidence a writing purporting to be an award, claiming it to be an award between the parties in pursuance of the verbal submission they had sought to prove. It is conceded that submission was not required to be in writing. By refusing to admit this writing the court decided the fact in issue, that the paper offered was not the written award, which there was evidence tending to prove had been made in writing between the parties to this suit, this was a fact in issue which only the jury could decide and this material part of the evidence to prove it was withheld from the jury. It should have gone to the jury for what it was worth, subject to be discredited by evidence, oral or documentary, which might be offered against it. It is not at all, as claimed by counsel for plaintiff, analagous to an attempt to introduce

as evidence one part or clause only of a written contract while withholding the residue or other parts of the same contract; this, if an award between the parties to this action as claimed by defendant, was a paper independent and complete in itself, not dependent on any other paper but based upon a verbal agreement of submission which there was evidence tending to establish. If the agreement to submission had been required to be in writing then there would be reason in plaintiff's contention that before introducing the award the agreement in writing should be introduced with it. The words "The foregoing appointment" contained in the award were wholly immaterial and had no significance, as the submission, if such there was, as between plaintiff and defendant company was verbal, while that between plaintiff and the Germania Company was in writing. It is claimed by counsel for defendant in error, that the special finding of the jury in response to the interrogatory whether appraisers and an umpire were selected, and did they reach a conclusion and make an award in writing, that they did not, is conclusive. If there was no submission, as contended by plaintiff in opposition to the contention of the defendant, then the way was still open, under the provisions of the policy, for a submission to arbitration.

The third and fourth errors assigned are set out in bill of exceptions No. 3, in giving plaintiff's instructions Nos. 1 to 7 inclusive, and refusing defendant's instructions Nos. 5, 6, 7, 8, and 10. Plaintiff's instruction No. 1 is bad and should not have been given for the reason that defendant's intruction No. 8, hereinafter mentioned rejected by the circuit court, is held to be good.

The second instruction of plaintiff as follows: "The Court instructs the jury that the finding of the appraisers under submission between the Germania Insurance Company and the plaintiff cannot be considered by the jury in ascertaining the amount of the loss sustained by the plaintiff at the fire in the declaration mentioned," the defendant objected to as bad because it withdrew from the jury defendant's defense of arbitrament and award. It was contended by the defendant, and there was evidence tending to prove, that the award which was claimed to be between the Germania Insurance company and the plaintiff, was between both insurance com-

panies and the plaintiff. The instruction to the jury under the evidence, that the finding of the appraisers under the submission between the Germania Company and plaintiff could not be considered, was misleading and should not have been given, as it was contended by defendant, and there was evidence tending to prove the fact, that the award was made under the same submission, that on the part of one company in writing and on the part of the other verbal, the arbitrators being the same, one appointed by the two companies, the other by the plaintiff, the umpire being appointed by two arbitrators; and the award being a common award under submission by both companies.

The third instruction complained of by defendant is: "The Court instructs the jury that any party to a submission of arbitration and award such as that alleged in this case can revoke such submission at any time before the completion of the award." It is hard to conceive why the plaintiff would ask such an instruction when the whole contention of the plaintiff was that no submission was ever had between the plaintiff and the defendant company, and there is not the slightest evidence that plaintiff ever revoked the submission which she claimed to have never entered into, and further plaintiff could not revoke her agreement set out in the policy, to submit to arbitration. In *Winkler* v. *Railroad Co.,* 12 W. Va. 699, (Syl. pt. 5,) it is held: "Error to instruct the jury hypothetically upon a state of facts where there is no evidence in the case tending to prove such facts."— *Bloyd* v. *Pollock,* 27 W. Va. 75, (Syl. pt. 2.) It is contended that the letter of the defendant to plaintiff of January 28th, 1899, proposing an appraisal, was an admission that there had been no submission and award as between the parties to this action. It certainly could not be considered a revocation. The letter was in evidence to show for itself what it was and what its purpose. It was a letter returning the proof of loss as not complying with the provisions of the policy, and, as dissatisfaction with the award returned had been expressed by plaintiff's attorney when enclosing the proof of loss in his letter of January 4th, defendant company proposed an appraisement between defendant and plaintiff, and it was for the jury to give to the letter such construction and meaning as in their judgment was intended by de-

fendant. "After an award is made and published, neither party can revoke the submission without the consent of the other."—3 Cyc. 610, and cases there cited. Counsel for defendant company offer nothing to sustain their objections to the other instructions given for plaintiff, which are to the effect that the burden of proof is on the defendant to show a valid award of the kind and to the effect set up in its special pleas; that such award must be in writing to be binding upon the parties to it, and that such award could only be proven by the production in evidence of such writing or a satisfactory accounting for its loss, destruction or absence, and also that an award is only binding between the parties to the submission and not binding upon a controversy between one of the parties and one not a party to the submission.

As to the instructions, offered by the defendant and refused by the court as set out in bill of exceptions No. 3, instruction No. 5 was to the effect that the burden being on the plaintiff to show that she gave to the defendant notice in writing of the fire and rendered a statement signed and sworn to by her, within sixty days after the fire, showing the matters and things set forth in lines 70 to 76, both inclusive, and that she, having failed to prove that she gave said notice or rendered such statement, the jury should find for the defendant. The court here would seem to assume to tell the jury that plaintiff's evidence, tending to show her compliance with the said provisions of the policy, had failed to prove the fact and therefore they should find for the defendant. There was evidence tending to prove that she had so complied with the provisions of the policy, therefore it was within the province of the jury and not the court to decide as to the weight of the evidence offered tending to prove it. The instruction was therefore properly refused.

The sixth instruction, so rejected, reads as follows: "The Court instructs the jury that they must not consider any of the evidence offered by the plaintiff as an excuse for not giving the notice in writing or rendering the statement in writing, required in lines 67 to 74, inclusive, of the policy, and set forth in defendant's plea No. 5, except such matters as are specifically stated in plaintiff's replication to said plea No. 5, or in the statement filed as notice of the waiver of the matters set up in plea No. 5." One of the objections to

this instruction is rather a play upon the word "offered" which of course, the jury would take with its proper meaning, as "given." Plaintiff's counsel say that it has reference to all the evidence offered by plaintiff, whether admitted or rejected by the court, thereby making the jury the judge of the relevancy or irrelevancy, and each juror to judge for himself what evidence was properly admitted and what not. We see nothing in this objection, but it does seem that the instruction is rendered unintelligible to the jury by the last part of the instruction when they are told they must not consider any evidence offered by plaintiff as an excuse for not giving the notice, or rendering the statement in writing required "Except such matters as are specifically stated in plaintiff's replication to said plea No. 5, or in the statement filed as notice of the waiver of the matters set up in bill No. 5." This refers the jury for information to papers which were not in evidence before them, and instruction No. 7 is liable to the same objection, and both were properly refused.

Instruction No. 8, offered by the defendant and rejected by the court, is as follows: "The Court instructs the jury that if after the appraisement made by R. H. Bell, T. J. Boyd and J. L. Richardson, the plaintiff repudiated said appraisement and refused to accept the amount thereof claimed to be chargeable to the defendant, then the defendant had the right afterwards to insist upon an appraisment to be made by two competent and disinterested appraisers, the plaintiff to select one and the defendant one and the two so selected to name an umpire, as provided in lines 86 to 91, both inclusive, of the policy, and if the jury find that the plaintiff for any cause refused to accept the result of said appraisal, and that after the knowledge of such refusal the defendant called upon the plaintiff by letter dated January 28, 1899, to submit to such an appraisal as is provided to be made by lines 86 to 91, both inclusive, of the policy, and if the jury further find that the plaintiff has failed or refused to enter into such an appraisal as demanded by said letter, then the plaintiff cannot recover." This instruction is based upon the letter of defendant to plaintiff dated January 28, 1899, asking for an appraisal under the provisions of the policy. If the plaintiff, had, after the award, repudiated

the appraisement and refused to accept the amount thereof claimed to be chargeable to the defendant thereunder and the defendant accepted plaintiff's repudiation, it had the right afterwards to insist upon an appraisement under the provision of the policy, and the plaintiff was bound under its terms to submit to an appraisement. The instruction should have been given.

The instruction No. 10, rejected by the court, reads as follows: "The Court instructs the jury that if they find from the evidence that the 'defendant' has not made and rendered to the defendant a statement in writing, signed and sworn to by her, stating all other insurance, whether valid or not, covering any of the property insured by the defendant, the cash value of each item of property insured and the amount of loss thereon, then the plaintiff cannot recover, unless the jury shall further find that the defendant waived the furnishing of such statement by such conduct of the defendant as would reasonably cause the plaintiff to fairly conclude that such requirements or statements had been dispensed with and excused." The principal objection urged against this instruction is the use of the word "defendant" instead of "plaintiff" where the word first occurs in the instruction. This is evidently a clerical error. The instruction seems to be otherwise good and as the case must go back for a new trial, it can then be amended if it should become necessary to ask the court to give it upon another trial.

The fifth assignment of error is in refusing to set aside the verdict of the jury and grant the defendant a new trial because the verdict was contrary to the law and the evidence as set out in bill of exceptions No. 4. As the case must be remanded for a new trial, this Court will not take up the question of the evidence and its sufficiency to sustain the verdict, the weight of the evidence to be given when the case is retried is a matter for the jury.

For the reasons herein stated, the judgment will be reversed, the verdict of the jury set aside and the cause remanded for a new trial to be had therein.

*Reversed.*