530 S.E.2d 456

Jerimi M. **SHROADES**, Plaintiff Below, Appellee,

v.

**FOOD LION, INC.**, et al., Defendants Below,

Food Lion, Inc., Defendant Below, Appellant.

No. 25951.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 3, 1999.

Decided Dec. 13, 1999.

Dissenting Opinion of Justice McGraw June 28, 2000.

Michael S. Santa Barbara, Esq., Ollar & Santa Barbara, Martinsburg, West Virginia, and B. Craig Manford, Esq., Martinsburg, West Virginia, Attorneys for Shroades.

Gina M. Groh, Esq., Charles Town, West Virginia, Attorney for Food Lion, Inc.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Berkeley County entered on June 26, 1998. In that order, Jerimi M. Shroades, the appellee and plaintiff below, was awarded $106,159.82 pursuant to a jury verdict [1] in a negligence action filed against Food Lion, the appellant and defendant below, alleging that he was injured when he was struck by a shopping cart. In this appeal, Food Lion raises several assignments of error and asks that it be granted judgment as a matter of law or in the alternative, that it be granted a new trial. After reviewing the record, we find that the circuit court erred by not granting Food Lion's motion for continuance, and thus, reverse the final order and remand this case for further proceedings.

---

1. The jury actually rendered a verdict of $107,000, but as explained in more detail below, the court granted a remittitur of $840.18 with regard to past medical expenses.

## I.

On December 10, 1996, the plaintiff filed a complaint against Food Lion alleging that he was injured on or about February 25, 1996, when he was hit in the back by an unattended shopping cart while placing groceries in his vehicle in the Food Lion parking lot in Inwood, West Virginia. Specifically, the plaintiff alleged that the shopping cart had drifted away from one of the steel rail stalls or cart corrals located in the parking lot for patrons to return their shopping carts after leaving the store. The plaintiff further alleged that Food Lion had negligently constructed the shopping cart stall on a slight grade in the parking lot and had failed to put a barrier across the stall to insure that the shopping carts would remain inside. The plaintiff maintained that as a result of Food Lion's negligence, he had to undergo surgery to repair a herniated lumbar disc and had suffered a permanent injury.

The case proceeded to trial on May 13, 1998, and the jury returned a verdict in favor of the plaintiff in the amount of $107,-000. The verdict included an award of $27,000 for past medical expenses; $10,000 for future medical expenses; $5,000 for past lost wages and benefits; $15,000 for past pain and suffering; and $50,000 for disability and/or permanent injury. Following the trial, the circuit court, upon motion by Food Lion, granted a remittitur of $840.18 for past medical expenses because the jury's award was in excess of the amount of past medical expenses proven at trial. Food Lion's other post trial motions were denied, and this appeal followed.

## II.

■ As one of its assignments of error, Food Lion claims that the trial court abused its discretion by not granting a continuance to afford it the opportunity to conduct additional discovery regarding a preexisting injury suffered by the plaintiff and treatment rendered by Dr. Joseph Liberman, a neurologist. Less than two weeks prior to trial, the plaintiff produced a medical report from Dr. Liberman dated December 1, 1997. Dr. Liberman's report stated that the plaintiff's back pain began in 1995 when he was struck by a shopping cart at Walmart. Upon receipt of this report, counsel for Food Lion contacted Dr. Liberman's office to obtain any additional records pertaining to the plaintiff. Food Lion's counsel was informed by Dr. Liberman's staff that it would take several days to obtain Dr. Liberman's file and to transcribe his records of the plaintiff's office visits. Based upon this information, Food Lion filed a motion for continuance which was subsequently denied by the trial court.

■ This Court has long since held that the decision to grant a continuance is within the sound discretion of the trial court. In Syllabus Point 1 of *Levy v. Scottish Union & Nat'l Ins. Co.*, 58 W.Va. 546, 52 S.E. 449 (1905), this Court stated that: "It is well settled as a general rule that the question of continuance is in the sound discretion of the trial court, which will not be reviewed by the appellate court, except in case it clearly appears that such discretion has been abused." More recently, this principle was restated in Syllabus Point 2 of *State v. Bush,* 163 W.Va. 168, 255 S.E.2d 539 (1979): "A motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." In Syllabus Point 3 of *Bush,* this Court explained that "[w]hether there has been an abuse of discretion in denying a continuance must be decided on a case-by-case basis in light of the factual circumstances presented, particularly the reasons for the continuance that were presented to the trial court at the time the request was denied." Finally, in Syllabus Point 1 of *McDougal v. McCammon,* 193 W.Va. 229, 455 S.E.2d 788 (1995), this Court held:

> The West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence and the appropriateness of a particular sanction for discovery violations are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard.

Despite Food Lion's extensive discovery requests in this case, Dr. Liberman's report was not disclosed until April 29, 1998, less than two weeks prior to trial. The report was dated December 1, 1997 and "carbon-copied" to plaintiff's counsel. During oral arguments before this Court, plaintiff's counsel stated that notwithstanding the fact that the report indicated it was sent to him on December 1, 1997, he did not receive a copy of Dr. Liberman's report until April 27, 1998, at which time he promptly disclosed it to Food Lion in his third supplemental response to the defendant's interrogatories and request for production of documents. While we make no determination that plaintiff's counsel acted improperly in this regard, we cannot ignore the fact that important and highly relevant information was not disclosed to the defense until just a few days prior to trial. *In McDougal*, we stated:

The fairness and integrity of the fact-finding process is of great concern to this Court; and, when a party fails to acknowledge the existence of evidence that is favorable or adverse to a requesting party, it impedes that process. Normally, when this type of violation impacts the outcome of the trial, this Court will require redress in the form of a new trial. As a general rule, wrongfully secreting relevant discovery materials makes it inequitable for the withholder to retain the benefit of a favorable verdict.

193 W.Va. at 238, 455 S.E.2d at 797.

Although the plaintiff in this case did supplement his discovery responses with Dr. Liberman's report, the disclosure was made far outside the scheduling order and just a few days prior to trial. More importantly, the report indicated that the plaintiff had suffered another shopping cart injury in another parking lot the year before he was allegedly injured in the Food Lion parking lot. Food Lion was clearly prejudiced by this late disclosure as it was denied the opportunity to further develop the evidence regarding this preexisting injury through additional discovery. It is difficult to imagine evidence more probative as to liability than a prior injury caused by the same mechanism alleged to have caused the injury in this case,

i.e. a runaway shopping cart. In addition to the obvious impact on the claimant's credibility, such evidence could have also completely changed the expert medical testimony in this case with regard to causation. While the plaintiff maintains that he did not suffer a prior injury at Walmart and that Dr. Liberman merely made typographical errors in his report, it is obvious that additional discovery time would have cleared up this confusion. Food Lion simply should have been given the opportunity to conduct further discovery, and thus, the trial court abused its discretion by failing to grant Food Lion's motion for a continuance. Consequently, we reverse the final order on this issue.

As noted above, Food Lion has presented several other assignments of error. In particular, Food Lion claims that the trial court erred in the admission of certain evidence and in instructing the jury regarding liability. Food Lion also asserts that the evidence did not support the jury's verdict. However, in light of our finding that the trial court erred by not granting a continuance to allow further discovery, we need not address these issues. Accordingly, for the reasons set forth above, the final order of the Circuit Court of Berkeley County entered on June 26, 1998, is reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.

Judge GARY L. JOHNSON, sitting by temporary assignment.

Justice SCOTT did not participate.

McGRAW, Justice, dissenting:

(Filed June 28, 2000)

I fail to see how the circuit court abused its discretion in failing to grant a continuance, when the only basis for appellant's request for additional discovery was an obvious typographical error in Dr. Liberman's report. At the very least, appellant should have sought post-trial discovery in order to substantiate its claim of prejudice. If that had been done, then perhaps the Court could now do more than just speculate as to the impact of the lower court's failure to permit a

continuance. I therefore respectfully dissent.