# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James L.,**
**Petitioner Below, Petitioner**

**vs)  No. 16-0261** (Kanawha County 12-D-235)

**Carrie L.,**
**Respondent Below, Respondent**

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James L.[1] (hereinafter "petitioner husband"), by counsel Clinton W. Smith, appeals the Circuit Court of Kanawha County's February 18, 2016, order denying his petition for appeal from an order of the Family Court of Kanawha County. Respondent Carrie L. (hereinafter "respondent wife"), by counsel William W. Pepper, filed a response in support of the circuit court's order. Petitioner husband filed a reply. On appeal, petitioner husband argues that the circuit court erred in denying his petition for appeal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, the family court entered its final divorce order in which petitioner husband was ordered to pay respondent wife $3,315 per month for forty-eight months in rehabilitative alimony "to fund four years of education at the University of Charleston in radiologic science." The order further stated that terms were not subject to modification. Thereafter, petitioner husband appealed the family court's final order alleging that he did not have the ability to pay rehabilitative alimony. By order entered on August 8, 2013, the circuit court affirmed the family court's order finding that the family court properly applied the factors found in West Virginia Code § 48-6-301(b).[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]West Virginia Code § 48-6-301(b) sets the following factors that shall be considered by the circuit court:

(continued . . .)

1

(b) The court shall consider the following factors in determining the amount of spousal support, child support or separate maintenance, if any, to be ordered under the provisions of parts 5 and 6, article five of this chapter, as a supplement to or in lieu of the separation agreement:

(1) The length of time the parties were married;

(2) The period of time during the marriage when the parties actually lived together as husband and wife;

(3) The present employment income and other recurring earnings of each party from any source;

(4) The income-earning abilities of each of the parties, based upon such factors as educational background, training, employment skills, work experience, length of absence from the job market and custodial responsibilities for children;

(5) The distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of article seven of this chapter, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive spousal support, child support or separate maintenance: Provided, That for the purposes of determining a spouse's ability to pay spousal support, the court may not consider the income generated by property allocated to the payor spouse in connection with the division of marital property unless the court makes specific findings that a failure to consider income from the allocated property would result in substantial inequity;

(6) The ages and the physical, mental and emotional condition of each party;

(7) The educational qualifications of each party;

(8) Whether either party has foregone or postponed economic, education or employment opportunities during the course of the marriage;

(9) The standard of living established during the marriage;

(10) The likelihood that the party seeking spousal support, child support or separate maintenance can substantially increase his or her income-earning abilities within a reasonable time by acquiring additional education or training;

(11) Any financial or other contribution made by either party to the education, training, vocational skills, career or earning capacity of the other party;

(12) The anticipated expense of obtaining the education and training described in subdivision (10) above;

(13) The costs of educating minor children;

(14) The costs of providing health care for each of the parties and their minor children;

(15) The tax consequences to each party;

(16) The extent to which it would be inappropriate for a party, because said party will be the custodian of a minor child or children, to seek employment outside the home;

(17) The financial need of each party;

(continued . . .)

Thereafter, petitioner husband filed a petition for modification arguing that he should not be required to pay rehabilitative alimony because there had been a significant change in circumstances. Specifically, petitioner husband asserted that his income had significantly decreased and that respondent wife failed to further her education. Following a hearing, the family court denied petitioner husband's motion for modification by order entered on July 17, 2014. The family court found that (1) the rehabilitative alimony was not subject to modification; (2) the doctrine of res judicata barred the court from addressing whether rehabilitative alimony is reviewable; (3) no significant change in circumstances had occurred; and (4) petitioner husband's arrearage of $15,563.78 barred any modification. Subsequently, petitioner husband appealed the family court's July 17, 2014, order to the circuit court. By order entered on September 4, 2014, the circuit court remanded the matter back to the family court "with instructions to hear evidence on and consider the factors outlined in West Virginia Code § 48-8-105."[3]

In April of 2015, the family court scheduled a hearing on remand as directed by the circuit court. Petitioner husband requested a continuance and the parties selected August 12, 2015, as the new hearing date. On July 24, 2015, petitioner husband's counsel filed a motion to withdraw. Pursuant to Rule 4.03 of the Trial Court Rules, counsel specifically informed petitioner husband that "the dates of any proceedings . . . will not be affected by the withdrawal of counsel[.]" Counsel also filed a separate motion to continue to allow petitioner husband time to obtain different counsel. By order entered on July 28, 2015, the family court granted counsel's

---

(18) The legal obligations of each party to support himself or herself and to support any other person;

(19) Costs and care associated with a minor or adult child's physical or mental disabilities; and

(20) Such other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable grant of spousal support, child support or separate maintenance.

[3] West Virginia Code § 48-8-105 provides

> The court may modify an award of rehabilitative spousal support if a substantial change in the circumstances under which rehabilitative spousal support was granted warrants terminating, extending or modifying the award or replacing it with an award of permanent spousal support. In determining whether a substantial change of circumstances exists which would warrant a modification of a rehabilitative spousal support award, the court may consider a reassessment of the dependent spouse's potential work skills and the availability of a relevant job market, the dependent spouse's age, health and skills, the dependent spouse's ability or inability to meet the terms of the rehabilitative plan and other relevant factors as provided for in section 8-103 of this article.

motion to withdraw. Importantly, the circuit court did not enter an order with respect to counsel's motion to continue.

Thereafter, the family court held a hearing on August 12, 2015, as previously agreed to by the parties. Petitioner husband did not appear in person or by counsel. The family court heard testimony and reviewed several exhibits. After considering the relevant factors for spousal support in West Virginia Code § 48-6-301, the family court found that respondent wife proved a legitimate reason for rehabilitative spousal support for forty-eight months. Based upon the evidence, the family court reduced the monthly award from $3,315 to $2,000 for forty-eight months.[4] In September of 2015, petitioner husband filed a petition for appeal with the circuit court from the family court's final order. Petitioner husband argued that the family court abused its discretion in denying his motion to continue. Petitioner husband also argues that the family court failed to consider the factors in West Virginia Code § 48-8-105, specifically, respondent wife's ability to meet the terms of the rehabilitative plan. By order entered on February 18, 2016, the circuit court denied petitioner husband's appeal. The circuit court found "that the findings of fact made by the family court judge are not erroneous and his application of the law to said facts is not an abuse of his discretion." This appeal followed.

In reviewing the circuit court's order in this matter, this Court employs the following standard:

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Ware v. Ware*, 224 W.Va. 599, 600, 687 S.E.2d 382, 384 (2009).

On appeal, petitioner husband argues that the family court erred in denying his motion to continue the August 12, 2015, hearing. This Court has long held that "[i]t is well settled as a general rule that the question of continuance is in the sound discretion of the trial court, which will not be reviewed by the appellate court, except in case it clearly appears that such discretion has been abused." Syl. Pt. 1, *Levy v. Scottish Union & Nat'l Ins. Co.*, 58 W.Va. 546, 52 S.E. 449 (1905).

Upon review of the record on appeal, we find no abuse of discretion. Petitioner husband agreed to the August 12, 2015, hearing date during the April of 2015, hearing at which he was present. Furthermore, petitioner husband had approximately nineteen days from the date in

---

[4]The family court also granted respondent wife a judgment against petitioner husband in the amount of $62,155.96 for unpaid spousal support, and held petitioner husband in contempt for leaving the State with the parties two oldest children without first filing notices of relocation.

4

which his counsel filed the motion to withdraw and the motion to continue to allow petitioner husband time to secure new counsel. Importantly, counsel's motion to withdraw complied with Rule 4.03 of the Trial Court Rules and explicitly notified petitioner husband "that the dates of any proceedings . . . will not be affected by the withdrawal of any counsel."[5] For these reasons, we conclude that the family court did not abuse its discretion in denying petitioner husband's motion for a continuance.

Petitioner husband also argues that the circuit court erred in denying his petition for appeal because the family court failed to consider the appropriate factors in West Virginia Code § 48-8-105, on remand from the circuit court. We disagree. West Virginia Code § 48-8-105(b) provides

> [t]he court may modify an award of rehabilitative spousal support if a substantial change in the circumstances under which rehabilitative spousal support was granted warrants terminating, extending or modifying the award or replacing it with an award of permanent spousal support. In determining whether a substantial change of circumstances exists which would warrant a modification of a rehabilitative spousal support award, the court may consider a reassessment of the dependent spouse's potential work skills and the availability of a relevant job market, the dependent spouse's age, health and skills, the dependent spouse's ability or inability to meet the terms of the rehabilitative plan . . . .

In reducing respondent wife's rehabilitative spousal support from $3,315 to $2,000 for forty-eight months, the family court considered respondent wife's age, health, and skills; work skills; and her inability to meet the terms of the rehabilitative plan. The family court found that "without spousal support sufficient to fund that education, [her] educational qualifications are not such to allow her to have gainful employment." Furthermore, the family court made extensive findings of the relevant statutory factors pursuant to West Virginia Code § 48-6-301(b) before reducing respondent wife's rehabilitative spousal support. *See Ward v. Ward*, 233 W.Va. 108, 117-18, 755 S.E.2d 494, 503-04 (2014) (stating that "[i]n assessing whether to award rehabilitative alimony, the circuit court properly focused upon all of the relevant statutory factors [in West Virginia Code § 48-6-301(b).]" Because the family court thoroughly examined these factors, we find that the family court did not abuse its discretion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 21, 2017

---

[5]Rule 57(a) of the Rules of Practice and Procedure for Family Court states that "Rule 4.03(b) of the Trial Court shall govern the withdrawal of counsel."

5

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker