**FILED**

**June 23, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Darnell P.,**
**Defendant Below, Petitioner**

**vs.)   No. 20-0462** (Mercer County 19-D-350-D13)

**Elizabeth P.,**
**Plaintiff Below, Respondent**

**MEMORANDUM DECISION**

Self-represented Petitioner Darnell P. appeals the May 27, 2020, order of the Circuit Court of Mercer County affirming the February 27, 2020, final order of the Family Court of Mercer County granting Respondent Elizabeth P. a divorce due to cruel or inhuman treatment and awarding her $1,100 per month in permanent spousal support.[1] Respondent, by counsel E. Raeann Osbourne, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties married on May 26, 1987, and last cohabited together as husband and wife on July 22, 2019, in Mercer County, West Virginia.[2] On July 23, 2019, respondent filed a petition for

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]The record is not clear as to whether the parties were married in Mercer County, West
(continued . . .)

1

divorce in the Family Court of Mercer County, alleging both irreconcilable differences and cruel or inhuman treatment by petitioner. With her petition, respondent filed a financial statement required by Rule 9 of the West Virginia Rules of Practice and Procedure for Family Court. On August 12, 2019, petitioner filed an answer to the petition and his financial statement pursuant to Rule 9. Petitioner denied the existence of irreconcilable differences or cruel or inhuman treatment by him toward respondent. During the pendency of the divorce action, respondent was awarded $600 per month in temporary spousal support.[3]

The final divorce hearing occurred on December 5, 2019, and February 13, 2020. A video recording of the December 5, 2019, hearing is in the appellate record. However, the appellate record contains no video recording of the February 13, 2020, hearing.

At the beginning of the December 5, 2019, hearing, the family court asked the parties whether they were "ready to proceed to a final divorce." Each of the parties indicated that they were prepared to proceed with the final hearing. By the end of the December 5, 2019, hearing, the family court found it needed to grant a continuance of the final hearing due to (1) petitioner's denial of irreconcilable differences necessitating respondent's reliance on the ground of cruel or inhuman treatment, which required a corroborating witness;[4] and (2) the failure of each of the parties to file an adequate financial statement, and "[t]his is a marriage that has acquired property, that has acquired debts, [and] that has substantial assets that will be divided." Because the family court already heard respondent's testimony alleging cruel or inhuman treatment by petitioner, petitioner argued that the court should dismiss respondent's divorce petition given the lack of a corroborating witness at the December 5, 2019, hearing. The family court rejected petitioner's argument, finding that "[d]ismissing the case only delays it that much longer." The family court warned respondent that petitioner was "never going to admit irreconcilable differences" and that, at the recommencement of the final hearing, respondent would need to "have a witness who can corroborate [respondent's] testimony" of cruel or inhuman treatment. Accordingly, by order entered on December 10, 2019, the family court set the final hearing's recommencement for February 13, 2020, finding that respondent was required to "have a witness . . . to collaborate [sic] her allegations of mental cruelty" and that, because "[n]either party . . . filed adequate [financial] disclosures," "[b]oth parties shall conduct discovery and be prepared to proceed at the next hearing."

---

Virginia, or in Tazewell County, Virginia. However, it is undisputed that both parties were residents of Mercer County, West Virginia, for "the one-year period immediately preceding the filing of the action." W. Va. Code § 48-5-105(a)(2)(B).

[3]Child support was not an issue because, at the time of the parties' separation, their four children were adults.

[4]West Virginia Code § 48-5-402(d) provides, in pertinent part, that "[n]o judgment order shall be granted on the uncorroborated testimony of the parties or either of them, except for a proceeding in which the grounds for divorce are irreconcilable differences."

According to the family court's February 27, 2020, final order, the equitable distribution of marital debts and assets was no longer in dispute at the February 13, 2020, hearing. Therein, the family court found that "the parties . . . waived the determination of value regarding each and every item of marital property" and "reached an agreement regarding the distribution of all marital property and debts." The family court found the parties' agreement to be "equitable."

Respondent presented the testimony of her niece, Sharonda B., to corroborate her testimony that petitioner subjected respondent to cruel or inhuman treatment. Sharonda B. testified that "she has been around the parties most of her life" and supported respondent's testimony that petitioner isolated respondent from respondent's family by stating that petitioner "prevented [respondent] from coming" to family events. Sharonda B. further testified that "[respondent] would talk to her about [petitioner] being possessive and abusive" and that she "observed [respondent] being very upset and breathing hard when describing [petitioner]'s behavior." Sharonda B. recounted one incident in 2014 when petitioner appeared "very angry" and "drug [respondent] out of" a motor vehicle while "yelling at [respondent]." Finally, Sharonda B. testified that she believed that continued cohabitation with petitioner "would be unendurable for [respondent]."[5] While petitioner denied that he was cruel or inhuman to respondent, the family court found that respondent proved cruel or inhuman treatment by petitioner by a preponderance of the evidence based upon "the testimony and evidence received and [based] upon the credibility and demeanor of the witnesses[.]"

With regard to spousal support, respondent requested that she be awarded permanent spousal support in the amount of $1,500 per month. The family court found as follows:

> The parties were married for 32 years. [Respondent] is 57 years old and [petitioner] is 63 years old. [Respondent] is not currently employed and has no income. [Respondent] has a GED and an [e]arly [c]hildhood certificate. [Petitioner] has a college degree and is self-employed maintaining rental property. [Petitioner's] income from this was not disclosed but he receives $3227 a month from the Veteran's Administration.
>
> [Respondent] testified that she is disabled due to arthritis, fibromyalgia, depression[,] and panic attacks. [Respondent] has applied for disability benefits. In the past[,] [respondent] has worked as an administrative assistant and in day care. [Respondent] presented no evidence of additional education or training that would improve her earning capacity. [Petitioner] is in fair health and is approaching retirement age.
>
> [Respondent] presented evidence of over $2300 a month in living expenses.

---

[5]West Virginia Code § 48-5-203(a)(3) provides, in pertinent part, that a divorce may be granted on the ground of cruel or inhuman conduct when the conduct at issue "destroys or tends to destroy the mental or physical well-being, happiness and welfare of the other and render[s] continued cohabitation unsafe or unendurable."

[Petitioner] testified that his living expenses were just over $2000 a month and that he had debt payments of $900 each month. [Petitioner] . . . testified . . . that rental income went to the loan payments. The remaining factors set forth in [West Virginia Code § 48-6-301(b)] have a neutral impact on the determination of whether or not to award spousal support[.][6]

Upon consideration of all the . . . factors [set forth in West Virginia Code § 48-6-301(b)] and giving significant weight to [respondent's] need for support, [petitioner's] ability to pay[,] and the length of the marriage, as well as fault in the dissolution of the marriage, [respondent] will be awarded permanent alimony in the amount of $1100 a month. This amount does not meet [respondent's] needs. Accordingly[,] any award of disability benefits or receipt of old-age benefits by [respondent] will not be considered as a change of circumstances for purposes of modifying alimony. Alimony will continue until the death of [petitioner] or [respondent] or the re-marriage of [respondent].

(footnote added). Accordingly, by final order entered on February 27, 2020, the family court granted respondent a divorce due to cruel or inhuman treatment and awarded her $1,100 per month in permanent spousal support. Petitioner appealed the family court's final order to the Circuit Court of Mercer County which, by order entered on May 27, 2020, affirmed the final order, finding that (1) the family court had good cause pursuant to Rule 19(c) of the West Virginia Rules of Practice and Procedure for Family Court to continue the final hearing to February 13, 2020; and

---

[6]West Virginia Code § 48-6-301(b) requires that a court consider the following factors in making an award of spousal support: (1) the length of time the parties were married; (2) the period of time during the marriage when the parties actually lived together as husband and wife; (3) the present employment income and other recurring earnings of each party from any source; (4) the income-earning abilities of each of the parties; (5) the equitable distribution of marital property; (6) the ages and the physical, mental, and emotional condition of each party; (7) the educational qualifications of each party; (8) foregone or postponed economic, education, or employment opportunities of either party during the course of the marriage; (9) the standard of living established during the marriage; (10) the likelihood that the party seeking spousal support can substantially increase his or her income-earning abilities within a reasonable time by acquiring additional education or training; (11) any financial or other contribution made by either party to the education, training, vocational skills, career, or earning capacity of the other party; (12) the anticipated expense of obtaining the education and training described in West Virginia Code § 48-6-301(b)(10); (13) the costs of educating minor children; (14) the costs of providing health care for each of the parties and their minor children; (15) the tax consequences to each party; (16) the extent to which it would be inappropriate for a party, because that party will be the custodian of a minor child or children, to seek employment outside the home; (17) the financial need of each party; (18) the legal obligations of each party to support himself or herself and to support any other person; (19) costs and care associated with a minor or adult child's physical or mental disabilities; and (20) any other factors as the court determines necessary or appropriate to consider in order to arrive at a fair and equitable grant of spousal support and separate maintenance.

(2) the family court properly considered the factors set forth in West Virginia Code § 48-6-301(b) in awarding respondent $1,100 per month in permanent spousal support.

Petitioner now appeals the circuit court's May 27, 2020, order affirming the family court's February 27, 2020, final order. In reviewing circuit court orders affirming family court orders, "we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., in part, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner argues that (1) instead of continuing the final hearing to February 13, 2020, the family court should have dismissed respondent's divorce petition due to the lack of a corroborating witness at the December 5, 2019, hearing, required by West Virginia Code § 48-5-402(d), for a divorce to be granted upon the ground of cruel or inhuman treatment;[7] and (2) the family court erred in awarding respondent $1,100 per month in permanent spousal support.[8] Respondent counters that the circuit court properly affirmed the family court's final order.

Of petitioner's two assignments of error, we decline to review the second issue. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." In *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we stated that we must "take as non[-]existing all facts that do not appear in the designated record and will ignore those issues where the missing record is needed to give factual support to the claim."[9] Here, the family court made its ruling as to whether to

---

[7]*See* fn.4.

[8]Petitioner further argues that respondent's testimony at the December 5, 2019, hearing caused the family court judge to sob, evidencing a bias in respondent's favor. Respondent counters that the sounds heard on the audio portion of the December 5, 2019, recording were due to the family court judge being ill that day. In his reply, petitioner maintains that the sounds were sobs—not sniffles. The video portion of the December 5, 2019, recording allows the viewer to see only the parties and their attorneys, not the family court judge. To the extent that this Court is able to hear the sounds of which petitioner complains, we find that petitioner cannot prove that the sounds were sobs rather than sniffles.

[9]By amended scheduling order entered on November 23, 2020, we granted petitioner's motion to proceed on a designated record, noting that "[petitioner's] designation consists of the underlined items on the docket sheet attached to this order."

continue the final hearing at the December 5, 2019, hearing, and the appellate record contains a video recording of the December 5, 2019, hearing. In contrast, there is no video recording of the February 13, 2020, hearing in the appellate record. Based upon our review of the family court's final order, testimony as to the issue of permanent spousal support occurred at both the December 5, 2019, and the February 13, 2020, hearings. Therefore, we decline to review petitioner's assignment of error as to the family court's award of $1,100 per month in permanent spousal support to respondent because the appellate record contains no video recording of the February 13, 2020, hearing.

Regarding petitioner's remaining assignment of error, "[i]t is well settled as a general rule that the question of continuance is in the sound discretion of the trial court, which will not be reviewed by the appellate court, except in case it clearly appears that such discretion has been abused." Syl. Pt. 1, *Levy v. Scottish Union & National Ins. Co.*, 58 W. Va. 546, 52 S.E. 449 (1905); Syl. Pt. 1, *State v. Dunn*, 237 W. Va. 155, 786 S.E.2d 174 (2016) (holding, in pertinent part, that "[t]he granting of a continuance is a matter within the sound discretion of the trial court"). Here, the circuit court found that the family court had good cause, pursuant to Rule 19(c) of the West Virginia Rules of Practice and Procedure for Family Court, to continue the final hearing to February 13, 2020. Rule 19(c) provides, in pertinent part, that "[a] court [(1)] may continue a hearing on its own motion for good cause"; (2) "shall issue the order of such continuance for a date certain, no more than 75 days from the date of the hearing being continued"; and (3) "must state the following: . . . the specific grounds for the continuance." There were only seventy days between the December 5, 2019, and the February 13, 2020, hearings; therefore, the family court complied with that portion of Rule 19(c).

The specific grounds the family court set forth in its December 10, 2019, order for the continuance show both the good cause for continuing the final hearing to February 13, 2020, and the lack of merit to petitioner's argument that the family court's decision was erroneous. Petitioner argues that the only reason the family court had for continuing the final hearing was respondent's failure to have a corroborating witness at the December 5, 2019, hearing, in order for respondent to be granted a divorce due to cruel or inhuman treatment, which was the basis of petitioner's request that respondent's divorce petition be dismissed. Notwithstanding petitioner's argument, the findings set forth in the family court's December 10, 2019, order show that both parties were unprepared for the December 5, 2019, hearing in that both parties' financial statements, required of each party by Rule 9 of the Rules of Practice and Procedure for Family Court, were inadequate to address their financial issues; therefore, the family court ordered "[b]*oth parties* [to] conduct discovery and be prepared to proceed at the next hearing." (emphasis added). Given that the unpreparedness of both parties necessitated a continuance, we find that the family court did not abuse its discretion in continuing the final hearing to February 13, 2020, rather than dismissing respondent's divorce petition. Accordingly, we conclude that the circuit court properly affirmed the family court's February 27, 2020, final order granting respondent a divorce and awarding her $1,100 per month in permanent spousal support.

For the foregoing reasons, we affirm the circuit court's May 27, 2020, order affirming the family court's February 27, 2020, final order.

Affirmed.

**ISSUED:** June 23, 2021


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton