No. 37,431

The State of Kansas, ex rel. John Anderson, Jr., County Attorney of Johnson County, *Appellee*, v. The Commercial Candy Company, Inc., of Topeka, and W. E. Schwartz, *Appellants*.

(201 P. 2d 1034)

Opinion filed January 22, 1949.

*Howard E. Payne,* of Olathe, argued the cause, and was on the brief for the appellants.

*John W. Anderson, Jr.,* and *W. C. Jones,* both of Olathe, argued the cause, and were on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: This case involves an appeal by the defendants below from an order of the court enjoining them from violating the provisions of the Unfair Practices Act as set forth in G. S. 1947 Supp., 50-401 to 50-408, inclusive.

The petition filed by the county attorney, under the provisions of 50-404 of the act, alleges that defendants maintain and carry on a business as wholesalers of candy and tobacco products in the state of Kansas, and as such wholesalers of candy and tobacco products sell and distribute cigarettes to retailers in the state of Kansas; that the defendants did, on the 31st day of October, 1947, sell, at wholesale, to two retail firms in Olathe, Johnson county, Kansas, twenty-five cartons of popular brand cigarettes at the price of $1.605 per carton; that said sales were made by defendants as wholesalers at less than cost to them and that said sales were contrary to the provisions of the Unfair Practices Act of the state of Kansas; that defendants will continue to offer for sale and will continue to sell said cigarettes at wholesale at less than cost to them and contrary to the laws of the state of Kansas if they are not enjoined and restrained by order of court from so doing and that said sales of cigarettes by

defendants were made with intent unfairly to divert trade from competitors, to injure competitors and to impair and prevent fair competition and injure the public welfare. The prayer is for an injunction to restrain and enjoin the defendants from offering for sale and from selling cigarettes in Johnson county, Kansas, at less than cost to the wholesalers and contrary to the provisions of the act.

The defendants' answer admits certain formal allegations of the petition, admits the sales in question, but denies that said sales were made at less than cost to defendants, and alleges that they are entitled to the benefits under the provisions of subsection (e) of section 405 of the act in that said sales to said retailers herein admittedly made were made in good faith and to meet the price of The Theo. Poehler Mercantile Company of Lawrence, Kan., a competitor of said defendants, which company had, on many occasions and for a long time prior to said sales made by said defendants, made sales of the same brands of cigarettes in the same locality for $1.59 per carton; that they do not know and have no means of ascertaining whether the said The Theo. Poehler Mercantile Company, in the sale of cigarettes at $1.59 per carton, is doing so in violation of the Unfair Practices Act of the state of Kansas, but allege the fact to be that they have a right, under the terms of said act, to meet the price of said competitor in the same locality, to wit: Johnson county, Kansas.

Further answering, defendants allege that the Unfair Practices Act is unconstitutional; that the same is in contravention of and offends the due process clause of the fourteenth amendment to the federal constitution; that it is likewise in contravention of section 17 of article 2 of the constitution of the state of Kansas; that said act is discriminatory and arbitrary and is not uniform in its operation throughout the state; and further, that said act is and does constitute an attempt to fix prices at which commodities may be sold, is contrary to public policy, tends to create monopolies and to stifle competition and is detrimental to general public welfare.

Plaintiff's reply denies every material allegation contained in the answer except such facts therein contained as were agreed upon in the agreed statement of facts filed by the parties to the action.

The case was tried by the court on an agreed statement of facts, and in addition thereto the plaintiff offered one witness. The defendants offered no additional oral, written, or documentary evidence.

The agreed statement of facts is as follows:

"It is hereby agreed between the respective parties, Plaintiff and Defendants, that the following do constitute and are facts upon which the respective parties are mutually agreed and may be so considered as such by the Court:

"1. That this action is properly brought by John Anderson, Jr., who is the County Attorney of Johnson County, Kansas, that the Defendant, Commercial Candy Company, is a corporation, doing business at Topeka, Kansas, that the Defendant, W. E. Schwartz, is general manager of said corporation and that the defendants are wholesale dealers in candy and tobacco products within the State of Kansas, and as such sell and distribute cigarettes and other merchandise to retailers within the State of Kansas.

"2. That this action is brought under the provisions of 50-401 to 408, inclusive of the 1945 Supplement to G. S. of Kansas, 1935, and that all of the provisions of said sections relating to wholesalers are applicable herein.

"3. It is agreed that the defendant, W. E. Schwartz, acting for and on behalf of the Defendant corporation, did make sale, at wholesale, and on the 31st day of October, 1947, of five cartons of Lucky Strike Cigarettes, 5 cartons of Old Gold cigarettes and five cartons of Phillip Morris cigarettes, to the Norris Drug Store, of Olathe, Kansas, and did likewise make sale, at wholesale, of five cartons of Lucky Strike and five cartons of Chesterfield cigarettes, on the same date to Carver Brothers Grocery, of Olathe, Kansas, and that both the Norris Drug Store and Carver Brothers Grocery are retailers, engaged in the sale of goods, wares and merchandise at retail.

"4. It is further agreed that said Defendants did make sale of said cigarettes to said retailers at a price of $1.605 per carton.

"5. It is further agreed between the parties hereto that the actual cost of said cigarettes, including the tax of $0.30 per carton thereon and other costs for cartage and mark-up is $1.65 per carton.

"6. It is likewise agreed that the actual cost to the Defendants, of each carton of cigarettes, was, at the time of said sales, exclusive of tax, cartage or mark-up $1.32⅘ per carton.

"7. It is further agreed between the parties hereto that the Defendants will testify that The Theo Poehler Mercantile Company, of Lawrence, Kansas, was at the time of said sales, made by said Defendants, a competitor of said Defendants engaged in the same kind and character of business and that said competitor had, immediately prior and immediately after said sales made by said Defendants, made sales of the same brand of cigarettes, sold by said Defendants, and in the same locality, at a price of $1.59 per carton.

"8. It is agreed that the Defendants herein made no effort to determine whether said sales of cigarettes made by The Theo Poehler Mercantile Company, of Lawrence, Kansas, were made by it for less than cost to said mercantile company.

"9. It is agreed between the parties hereto that the Defendants are by law allowed eight (8%) percent discount from the face value of revenue stamps purchased from the State of Kansas, said stamps to be affixed by the wholesaler upon each package contained in each carton of cigarettes before sale, as provided in Section 79-3311, 1945 Supplement to G. S. of Kansas, 1935.

"It is further agreed between the parties hereto that in addition to the above agreed statement of facts each of the parties, Plaintiff and Defendants, reserve the right to introduce additional oral, written or documentary evidence."

The witness called by the plaintiff testified that for about fifteen years he had been engaged in the wholesale business in Johnson county, and, among other things, sold candy, tobacco and cigarettes; that during such period he had acquired what might be called "regular customers;" that among those customers were the two retail firms in Olathe to which the defendants had sold the cigarettes in question; that he had been selling cigarettes at wholesale for $1.66 per carton; that popular "name brand" cigarettes are sold by the manufacturers to wholesalers at a uniform price all over the United States; that unless the defendants are enjoined and restrained from selling cigarettes in the Olathe community at less than cost to the wholesaler, trade would be diverted from the witness; that such practice would tend to prevent competition in the community, would create a monopoly for the defendants in Johnson county, and that he had asked the county attorney to bring this action.

On cross-examination, the witness testified that he was familiar with that part of the Unfair Practices Act which permits a wholesaler to meet the price of a competitor; that he knew the defendants, at the time the sales were made, were meeting the price of The Theo. Poehler Mercantile Company, and that he had no independent means of ascertaining and did not know what the cost of doing business might be so far as the defendants and The Theo. Poehler Mercantile Company were concerned.

The court made written conclusions of fact which were generally in favor of the plaintiff and against the defendants. Several of these findings, important for our purposes, are as follows:

"4. That the defendants did on the 31st day of October, 1947, sell, at wholesale, to the Norris Drug Store of Olathe, Kansas, a retailer, five cartons of cigarettes at the price of $1.605 per carton and that said defendants did sell to Carver Bros. Grocery, a retailer, at Olathe, Kansas, ten cartons of cigarettes at $1.605 per carton.

"5. That the sales as aforesaid and at the price as aforesaid made by said defendants as wholesalers is less than cost to said wholesalers.

"6. That cigarettes are sold by the manufacturer of cigarettes to all wholesalers at the same price everywhere in the United States, said price being $1.32⅘ per carton.

. . . . . . . . . . . .

"10. That the cost to the wholesaler in this vicinity and in Olathe, Kansas,

of popular brand cigarettes per carton, including cost to the wholesaler, state tax, cartage and two (2) per cent markup is $1.65 per carton.

"11. That the sale of cigarettes by the defendants at the price of $1.605 per carton is below cost to the wholesaler as defined by the Unfair Practices Act of the Statute of Kansas.

.  .  .  .  .  .  .  .  .  .  .  .  .  .

"13. That the defendants did not make the sales as aforesaid in good faith and to meet the price of the Theo Poehler Mercantile Company of Lawrence, Kansas, a competitor, as alleged in defendants' answer and that the defendants made no effort to determine whether the Theo Poehler Mercantile Company made said sales for less than costs as alleged in defendants' answer."

Conclusions of law rendered by the court are as follows:

"1. That the plaintiff is entitled to judgment against the defendants as prayed for in plaintiff's petition, and the defendants, and each of them, are hereby restrained and permanently enjoined from selling cigarettes in Olathe or in Johnson County, Kansas, at a price below cost to the wholesaler.

"2. That the Unfair Practices Act of the State of Kansas is not in contravention and does not obstruct the due process clause to the Fourteenth Amendment to the Constitution of the United States of America.

"3. That the Unfair Practices Act is not in contravention of Article Two, Section Seventeen of the Constitution of the State of Kansas.

"4. That the Unfair Practices Act is legal and constitutional in all respects and is a valid and reasonable exercise of the police powers of the state.

"5. That the defendants herein made sales of cigarettes in this community and in Johnson County, Kansas, below cost with the intent or effect of injuring competitors and destroying competition.

"6. That if the defendants are permitted to sell cigarettes in Johnson County, Kansas, at a price below cost to the defendants, as wholesalers, said defendants will divert trade from the wholesalers in Johnson County, Kansas, thereby giving the defendants a monopoly of the cigarette business in Johnson County, Kansas, all of which is against the public welfare and against public policy."

Defendants' motion for a new trial was overruled and this appeal followed.

Considerable space in the brief of each of the parties is devoted to the question of the constitutionality of the Unfair Practices Act but our view of the facts of this case renders it unnecessary to discuss such question.

Section 50-402 of the act reads:

"It is hereby declared that any advertising, offer to sell, or sale of any merchandise, either by retailers or wholesalers, at less than cost as defined in this act, with the intent, of unfairly diverting trade from a competitor or otherwise injuring a competitor, impair and prevent fair competition, injure public welfare, are unfair competition and contrary to public policy and the policy of this act, where the result of such advertising, offer or sale is to tend to deceive

any purchaser or prospective purchaser, or to substantially lessen competition, or to unreasonably restrain trade, or to tend to create a monopoly in any line of commerce."

The last portion of 50-403 reads:

". . . Proof of any such advertising, offer to sell or sale by any retailer or wholesaler in contravention of the policy of this act shall be prima facie evidence of a violation of this act."

Section 50-405, relating to exemptions, reads:

"The provisions of this act shall not apply to sales . . . at wholesale . . .; (e) where the price of merchandise is made in good faith to meet the price of a competitor in the same locality; . . . *Provided, however,* That any . . . wholesaler claiming the benefits of any of the exemptions hereinabove provided shall have the burden of proof of facts entitling such . . . wholesaler to any of the benfits of said exemptions: . . ."

Appellee argues that the agreed statement of facts makes out a prima facie case against the defendants. Assuming, but not deciding, that it does, what about the provisions of the statute relating to exemptions? Defendants argue that in making the sales they were merely meeting the price of a competitor in the same locality. It is admitted that the Poehler Company was a competitor of defendants, engaged in the same kind and character of business, and that immediately prior to said sales in question the Poehler Company had made sales of the same brands of cigarettes in the same locality at $1.59 per carton. The witness Green testified he knew that the defendants, in making the sales in question, were meeting the price of the Poehler company.

We are unable to find any evidence in this record upon which the trial court could base its conclusion of fact No. 13 and its conclusion of law No. 5, in which it found that the defendants did not make the sales in good faith and to meet the price of the Poehler company, their competitor, and that the sales in question were made below cost with the intent or effect of injuring competitors and destroying competition. It may be that the sales by the defendants resulted in injury to other competitors and tended to destroy competition, but by the very terms of the act (50-402) such sales must be made with the intent to bring about those results enumerated by the statute in order to constitute a violation of the act. The act (50-405) further provides that a wholesaler may sell for less than cost where the price of merchandise is made in good faith to meet the price of a competitor in the same locality.

The trial court may have reached its conclusions on account of the fact the record shows that the defendants made no effort to ascertain whether or not the Poehler Company was selling below cost, and that, therefore, the defendants were guilty of bad faith and thus made the sales in question with the intent to bring about the results prohibited by the statute. However, we are of the opinion that this would be an erroneous and unreasonable construction of the burden of proof portion of the exemption provision. As a practical proposition, how could the defendants have ascertained whether or not the price of $1.59 per carton was below cost to the Poehler company unless resort be made to the books and records of such competitor?

We think that the burden of proof portion of the exemption provision means that when one claims the benefit of any of the enumerated exemptions, he has the burden of proving the facts entitling him to the benefit of such exemption, which, in this case, would mean that the defendants had the burden of proving that they made the sales in question in good faith to meet the price of a competitor in the same locality. There is no evidence in this record of bad faith or of a conspiracy on the part of the defendants to injure competitors, stifle competition, or to bring about a monopoly. On the contrary, we think the evidence clearly shows that the sales were made in good faith by the defendants in order to meet the price of a competitor in the same locality. That, under the statute, they were entitled to do.

Accordingly, the judgment of the lower court is reversed and the cause is remanded with instructions to render judgment for the defendants.