475 S.E.2d 555

**B.F. SPECIALTY COMPANY, A Corporation, and Martin Shaffer, Appellants,**

v.

**CHARLES M. SLEDD COMPANY, A Corporation, Appellee.**

No. 23072.

Supreme Court of Appeals of West Virginia.

Submitted May 1, 1996.

Decided July 19, 1996.

Jerald E. Jones, West & Jones, Clarksburg, for Appellants.

John Preston Bailey, Christopher Paull Riley, Bailey, Riley, Buch & Harman, Wheeling, for Appellee.

RECHT, Justice.

This case involves a claim made by B.F. Specialty Company ("appellant"),[1] a wholesale grocery and tobacco distributor located in north central West Virginia, against a competitor, Charles M. Sledd Company ("appellee"), whose principal offices are located in the northern panhandle of West Virginia. The appellant charged that the appellee was selling cigarettes in the appellant's trade area, below the appellee's cost, in violation of the West Virginia Unfair Trade Practices Act (the "Act"). W. Va.Code 47–11A–1 to –14 (1939). The appellant sought both injunctive relief, to prohibit the appellee from selling cigarettes below cost, and treble damages as contemplated by the Act. W. Va.Code 47–11A–9 (1939).[2] The matter proceeded to trial

---

1. Martin Shaffer, the Chief Financial Officer, Treasurer, and Secretary of B.F. Specialty Company, was also a named plaintiff and is considered an appellant in these proceedings.

2. W. Va.Code 47–11A–9 (1939) provides:

Any person, firm, partnership, corporation, joint-stock company, or trade association may maintain a proceeding to enjoin a continuance of any act or acts in violation of the provisions of this article and, if injured thereby, for the recovery of damages in the circuit court of the county wherein said article is alleged to have been or is being violated. If, in such proceeding, the court shall find that the defendant is violating or has violated any of the provisions of this article, it shall enjoin such defendant from a continuance thereof. It shall not be necessary that actual damages to the plaintiff be alleged or proved. In addition to such injunctive relief, the plaintiff in said action shall be entitled to recover from the defendant

in the Circuit Court of Harrison County and produced a verdict adverse to the appellant.

The appellant assigns three grounds of error; however, the burden of the appellant's dissatisfaction is aimed at the trial court's pretrial management of this case in terms of (1) the discovery process; and (2) the denial of a motion to continue the trial. A third assignment of error complains that the trial court refused to give an instruction tendered by the appellant, and over the appellant's objection, gave an instruction tendered by the appellee.

## I.

### CASE MANAGEMENT

■ The complaint in this case was filed in July 1987. The jury trial did not commence until October 1994. During that seven-year period, two circuit judges attempted to manage what can best be described as a contentious and continuous discovery struggle. A chronology of the various discovery activity reveals a flurry of interrogatories; incomplete responses to interrogatories; requests for production of documents; incomplete responses to the requests for production of documents; and motions to compel during the first year or so after the complaint was filed, and then a concentration of similar activity in or around the trial date in 1994, with not much occurring in between. ·

■ This case, unfortunately, is symbolic of some of the problems that confront a trial court judge when the parties and their lawyers just do not appear to be getting along. The bitterness among the parties surrounded the question of producing the data relating to the calculation by the appellee of its cost of cigarettes.[3] Our review of the record tells us, both in terms of pretrial and trial preparation, the appellant had access to as much data as was necessary to understand the appellee's calculation as to its costs and the ability to intelligently cross-

examine the appellee's witnesses on this issue. Further, the appellant had sufficient data that was available to the appellee in order to furnish its experts with sufficient information upon which they could reach opinions and conclusions relating to the appellee's cost calculations. We believe that the trial court judges who managed this case did so in laudable fashion and certainly did not abuse their discretion in the control and management of the discovery process. A trial court is permitted broad discretion in the control and management of discovery, and it is only for an abuse of discretion amounting to an injustice that we will interfere with the exercise of that discretion. *See State ex rel. Lichtor v. Clark,* 845 S.W.2d 55 (Mo.App.W.D.1992). We hold that a trial court abuses its discretion when its rulings on discovery motions are clearly against the logic of the circumstances then before the court, and so arbitrary and unreasonable as to shock our sense of justice and to indicate a lack of careful consideration.

In *McDougal v. McCammon,* 193 W.Va. 229, 455 S.E.2d 788 (1995), we were quite clear in recognizing the role of the men and women who are West Virginia's trial court judges, serving as sentinels in protecting the rights of all litigants:

> [T]he West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making ... procedural rulings. As the drafters of the rules appear to recognize ... procedural rulings, perhaps more than any others, must be made quickly, without unnecessary fear of reversal, and must be individualized to respond to the specific facts of each case.... Thus, absent a few exceptions, this Court will review all aspects of the circuit court's determinations under an abuse of discretion standard.

*McDougal,* 193 W.Va. at 235, 455 S.E.2d at 794 (citations omitted).

---

three times the amount of the actual damages, if any, sustained.

**3.** The core of this case involved the appellee's cost of cigarettes. The appellee contended that it did not violate the West Virginia Unfair Trade Practices Act, because it did not price its ciga-

rettes below cost as defined by the statute or, in the alternative, the appellee was justified in pricing its cigarette products to meet, in good faith, the legal price of a competitor. *See* W. Va.Code 47–11A–8(d) (1939).

We are committed to the principle that a circuit court's ruling on discovery matters is reviewed for an abuse of discretion, and we find in reviewing the record in this case that not only did the trial court not abuse its discretion, it acted in the most commendable way in very vexing and thorny discovery issues. *State ex rel. United States Fidelity & Guar. Co. v. Canady*, 194 W.Va. 431, 439, 460 S.E.2d 677, 685 (1995).

■ Next, the appellant complains that the trial court abused its discretion in the management of this case in regard to the denial of its motion to continue the trial of this matter, which was principally grounded upon the health of appellant Martin Shaffer and the failure of the appellant to be adequately prepared for trial resulting from the inability to obtain information that the appellant deemed vital for the presentation of its case. We have already commented in regard to the discovery matters and find no abuse of the trial court's discretion.

■ We recognize that trial courts have the inherent power to manage their judicial affairs that arise during proceedings in their courts, which includes the right to manage their trial docket. In this case, we have a matter that was pending for more than seven years, with most of the activity occurring at the very early stages and during the time period as the trial date approached. While the health of the appellant, Mr. Shaffer, is something that is quite serious and cannot be ignored, we believe that the trial court exercised great circumspection in protecting not only the health of Mr. Shaffer, but also accommodating a delicate balance in permitting the trial to proceed without impairing Mr. Shaffer's health.[4]

■ In Syllabus Point 2 of *Nutter v. Maynard*, 183 W.Va. 247, 395 S.E.2d 491 (1990), we stated:

"It is well settled as a general rule that the question of continuance is in the sound discretion of the trial court, which will not be reviewed by the appellate court, except in case it clearly appears that such discretion has been abused." Syl. pt. 1, *Levy v. Scottish Union & National Ins. Co.*, 58 W.Va. 546, 52 S.E. 449 (1905).

We find the trial court did not abuse its discretion in proceeding with a trial in a case that had been pending for more than seven years.

## II.

### JURY INSTRUCTION

■ Finally, the appellant assigns as error the circuit court's refusal to give a proffered jury instruction in lieu of the offered jury instruction of the appellee. Our appellate review of a trial court's refusal to give a requested instruction is deferential and constitutes reversible error if "(1) the instruction is a correct statement of the law; (2) it is not substantially covered in the charge actually given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs a defendant's ability to effectively present a given defense." Syllabus Point 11, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994). Whether an instruction is legally correct is a question of law and our review is *de novo*. *State v. Guthrie*, 194 W.Va. 657, 671 n. 12, 461 S.E.2d 163, 177 n. 12 (1995).

■ An analysis of the appellant's proffered instruction requires an examination and understanding of the appellee's theory of defending the claim that it was selling cigarettes below cost in violation of the Act. One of the prongs of the appellee's multiple defenses was that the Act permitted sales of cigarettes below cost where the price was set in good faith to meet the legal price of a competitor in the same locality or trade area. W. Va.Code 47–11A–8(d) (1939).[5]

The parties approached this good faith exception to the Act with competing strata-

---

4. This trial lasted for four trial days. The record does not disclose that Mr. Shaffer's health was in peril during the trial and, indeed, he was able to testify on behalf of appellant.

5. W. Va.Code 47–11A–8(d) (1939) provides, in pertinent part, as follows:

The provisions of [the Unfair Trade Practices Act] shall not apply to any sale made:

\*   \*   \*   \*   \*   \*

(d) In an endeavor in good faith to meet the legal prices of a competitor as herein defined selling the same article, product or item of

gems. The appellant contended that in order for a seller to take advantage of the good faith exception, the seller was required to first make a good faith effort to determine that the competitor's price was a legal price. To that extent, it offered the following instruction, number 3, which would have informed the jury that:

A wholesaler who reduces the price of an article of merchandise in order to meet the price of a competitor has the obligation to make a good faith determination that his competitor's price is also a legal price as defined by these instructions. Therefore a wholesaler cannot claim exemption from the minimum cost requirements of the law by merely reducing its price to meet that of a competitor unless he makes a good faith effort to determine that the competitor's price is a legal price.

The appellee resisted the notion that eligibility for the good faith exception required a preliminary determination that the competitor's price was a legal price. Consistent with that theory, the appellee offered the following instruction, number 15, which would inform the jury that:

One of the exceptions to the West Virginia Unfair Trade Practices Act is where the price is set in good faith to meet the legal price of a competitor in the same locality or trade area. This exception does not require the defendant to examine his competitor's books to ascertain whether the competition was legal. Rather, all that is required of the defendant is that it act in good faith.

The appellee supports this instruction by contending that it is an accurate summary of all that the Act requires. Further, the appellee counters the proffered instruction of the appellant by asserting that the only way the appellee could make a determination that the competitor's price was a legal price would be to conduct an examination of its competitor's books and records in order to perform an analysis of the competitor's price to ensure that it was a legal price. The appellee argues that the good faith exception in the Act would not require the performance of such an impractical act in order to be assured that the competitor's price is a legal price. We agree. *See State by Clark v. Wolkoff,* 250 Minn. 504, 85 N.W.2d 401, 407 (1957) (holding that a competitor need not establish the absolute legality of its competitor's prices in order to rely on such price and come within the good faith exemption); *May's Drug Stores, Inc. v. State Tax Comm'n,* 242 Iowa 319, 45 N.W.2d 245, 256–57 (1950) ("Good faith is all that is required of a distributor under the exemption to meet competition" under Iowa's Unfair Cigarette Sales Act); *State ex rel. Anderson v. Commercial Candy Co.,* 166 Kan. 432, 201 P.2d 1034, 1039 (1949) (questioning "[a]s a practical proposition, how could [a competitor] have ascertained whether or not the price of a [carton of cigarettes] was below cost … unless resort be made to the books and records of [its] competitor?"); *McIntire v. Borofsky,* 95 N.H. 174, 59 A.2d 471, 474 (1948) (noting that if the good faith exception "required the retailer to examine his competitors books to ascertain whether the competition was legal, it would be of doubtful validity"); *People v. Pay Less Drug Store,* 25 Cal.2d 108, 153 P.2d 9, 14 (1944) (stating that the good faith requirement "is merely that the defendants shall have endeavored 'in good faith' to meet the legal prices of a competitor"); *State v. Sears,* 4 Wash.2d 200, 103 P.2d 337, 345 (1940) (stating "if a merchant in good faith reduces his prices to meet those of a competitor, who he in good faith believes has a legal price, he will not be violating either the intent or the wording of the act").

We believe that the proffered instruction of the appellee is a correct statement of the law, insofar as the good faith exception is concerned, and the appellant's proffered instruction is an incorrect statement of the law. The giving of the appellee's instruction and the refusal of the appellant's instruction was correct.

The decision of the Circuit Court of Harrison County is hereby affirmed.

Affirmed.

merchandise, in the same locality or trade          area.