STATE OF WEST VIRGINIA

**FILED**
**May 30, 2023**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Firewater Restoration, Inc.,**
**Plaintiff Below, Petitioner,**

**vs.)    No. 21-0912** (Ohio County Civil Action No. 18-C-48)

**Tony L. Maroni, Jr.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Firewater Restoration, Inc. ("Firewater"), appeals the order by the Circuit Court of Ohio County, West Virginia, dated November 4, 2021, that dismissed Firewater's contract action against the respondent, Tony L. Maroni, Jr.[1] In its order, the circuit court enforced a forum-selection clause in the contract specifying that any action had to be filed in the courts of Allegheny County, Pennsylvania. Upon our review of the record and the oral arguments of the parties, we determine that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Maroni owned property in Wheeling, West Virginia, that was damaged. On March 11, 2017, Maroni signed a boilerplate contract prepared by Firewater authorizing the company to clean and restore Maroni's property. Paragraph 9 of the contract was a forum-selection clause requiring that any dispute regarding Firewater's services was to be resolved in the courts of Allegheny County, Pennsylvania. Firewater's forum-selection clause provided:

> **VENUE:** This contract is deemed executed at the place of business headquarters of Firewater Response 365, Inc.[2] currently at 1714 Sidney Street, Pittsburgh, PA 15203 in Allegheny County, Pennsylvania. The owner and Firewater Response 365, Inc. expressly agree that any dispute arising hereunder by virtue of the service rendered by us to you shall be resolved through the Magisterial District of the business headquarters of Firewater Response 365, Inc., or in the Court of Common Pleas of Allegheny County, Pennsylvania. You and we each mutually agree that

---

[1] Firewater appears by its counsel, Ryan W. Weld and Jeffrey W. McCamic, while Maroni appears by his counsel, Jake J. Polverini and Joshua J. Norman.

[2] The parties do not explain the discrepancy between the corporate name of the petitioner ("Firewater Restoration, Inc.") and the name of the corporation contained in the contract at issue ("Firewater Response 365, Inc.").

venue for any dispute shall be resolved solely and exclusively in either such Magisterial District or Court of Common Pleas.

On February 23, 2018, Firewater filed this action against Maroni in Ohio County, West Virginia. It alleged that Maroni had breached the parties' contract and failed to pay $18,869.44 for Firewater's services. Firewater attached a copy of the contract, which contained the forum-selection clause, to its complaint. After various delays, including some caused by the Covid-19 pandemic and illness suffered by Maroni's counsel, a bench trial was scheduled for December 10, 2021.

However, on November 1, 2021, Maroni filed a motion to dismiss Firewater's claims and to enforce the forum-selection clause. Firewater filed a response to the motion, and Maroni filed a reply. On November 4, 2021, the circuit court entered its order dismissing Firewater's action, finding that a motion to dismiss is the proper procedural mechanism for enforcing a forum-selection clause. Moreover, the circuit court noted language in the clause that any dispute "shall be resolved solely and exclusively" in Allegheny County. The circuit court considered the possibility that Maroni had waived his right to enforce the clause by participating in almost four years of litigation, but then noted that Paragraph 8 of the contract specifically addressed waiver:

> **WAIVER:** A party's failure to insist on compliance or enforcement of any provision of this Agreement shall not affect the validity or enforcement or constitute a waiver of future enforcement of that provision or of any other provision of this Agreement by the party or any other party.

Based upon Paragraph 8, the circuit court determined there was no waiver of the forum-selection clause. Hence, the circuit court deemed the forum-selection clause valid and enforceable by Maroni and dismissed Firewater's action.

Firewater now appeals the circuit court's November 4, 2021, dismissal order.

In this Court's seminal decision regarding forum-selection clauses, *Caperton v. A.T. Massey Coal Company*, we noted that we assess the "applicability and the enforceability of a forum-selection clause . . . *de novo*." Syl. pt. 2, *Caperton v. A.T. Massey Coal Co.*, 225 W. Va. 128, 690 S.E.2d 322 (2009). We also established a four-step test to measure whether a forum-selection clause may be applied and enforced to dismiss a party's complaint:

> Determining whether to dismiss a claim based on a forum-selection clause involves a four-part analysis. The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires classification of the clause as mandatory or permissive, *i.e.,* whether the parties are *required* to bring any dispute to the designated forum or are simply *permitted* to do so. The third query asks whether the claims and parties involved in the suit are subject to the forum-selection clause. If the forum-selection clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would

be unreasonable and unjust, or that the clause was invalid for such reasons as fraud
or overreaching.

Syl. pt. 4, *id.*

Firewater broadly claims that the circuit court erred in its application of *Caperton*'s four-part test when it found the forum-selection clause enforceable. Nevertheless, regarding the first three parts of the *Caperton* test, Firewater offers no serious objection to the circuit court's analysis. First, *Caperton* requires an assessment of whether the forum-selection clause was communicated to the party resisting enforcement. The record shows that Firewater drafted the form contract with the forum-selection clause; Firewater fails to explain how it could *not* know of the clause's existence. Second, *Caperton* requires asking whether the clause is mandatory or permissive in its tone. The circuit court correctly found the clause is mandatory because it requires the parties to litigate disputes in Allegheny County, Pennsylvania. And third, *Caperton* provides that a court must examine whether the parties and the claims at issue are covered under the language of the clause. In this case, Firewater's claims are for breach of contract and arise from the services provided by Firewater to Maroni, and the forum-selection clause in the contract covers "any dispute arising [under the contract] by virtue of the service rendered by [Firewater] to [Maroni]." Hence, we see no error in the circuit court's application of the first three elements of *Caperton* and, because all three elements were affirmatively established to the circuit court by Maroni, the forum selection clause is presumptively enforceable.

Firewater's appellate arguments focus largely on the fourth factor of *Caperton*: has the presumption of enforceability been rebutted by the resisting party showing that (a) "enforcement would be unreasonable and unjust," or (b) "the clause was invalid" (for reasons such as fraud, overreaching, or some other contract defense)? *See also*, Syl. pts. 6 and 7, *State ex rel. 3C LLC v. O'Briant*, 247 W. Va. 135, 875 S.E.2d 273 (2022) (expounding upon the meaning of "unreasonable and unjust" forum-selection clauses and clauses procured by fraud). Firewater asserts that it would be unreasonable and unjust to force it to litigate in its home state of Pennsylvania, in part because it claims the statute of limitation for filing a contract action in Pennsylvania has expired. However, we decline to consider the argument for a fundamental reason: the argument was never presented to the circuit court in the first instance. We recognize that Firewater was in the unenviable position of having to argue to the circuit court that Maroni's invocation of contract language written by Firewater was unfair and unenforceable, but that is what our rules require. "This Court's general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered [for] the first time on appeal." *State v. Jessie*, 225 W. Va. 21, 27, 689 S.E.2d 21, 27 (2009).

> The rationale behind this rule is that when an issue has not been raised below, the facts underlying that issue will not have been developed in such a way so that a disposition can be made on appeal. Moreover, we consider the element of fairness. When a case has proceeded to its ultimate resolution below, it is manifestly unfair for a party to raise new issues on appeal. Finally, there is also a need to have the issue refined, developed, and adjudicated by the trial court, so that we may have the benefit of its wisdom.

*Whitlow v. Bd. of Educ. of Kanawha Cnty.*, 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993). *See also*, *Clint Hurt & Assocs., Inc. v. Rare Earth Energy, Inc.*, 198 W. Va. 320, 329, 480 S.E.2d 529,

538 (1996) ("Generally, we have declined to consider[] nonjurisdictional questions that have not been considered by the trial court. We have long held that theories raised for the first time on appeal are not considered.").

Firewater concedes that this Court may decline to review *non*-jurisdictional issues that are raised for the first time on appeal. However, it argues that a forum-selection clause is a contractual means for parties to designate the particular jurisdiction in which parties may litigate disputes arising out of the contract. Hence, Firewater claims that questions regarding forum-selection clauses are, for all intents and purposes, jurisdictional issues that may be raised for the first time on appeal. We disagree. Generally speaking, West Virginia courts always retain the power to interpret or enforce a forum-selection contract and, hence, forum-selection clauses do not implicate subject-matter or personal jurisdiction questions reviewable for the first time on appeal. Instead, forum-selection clauses are evidence of the parties' agreement to litigate their disputes in a particular venue; accordingly, challenges to the interpretation, application, or enforceability of the clause must be made first in the lower tribunal before they can be raised on appeal. Accordingly, we decline to weigh whether the application of Firewater's forum-selection clause (to Firewater's claims against Maroni) is unreasonable and unjust.

Firewater asserts two other points of error in the circuit court's order, both procedural. Both assertions contend that Maroni waived the forum-selection clause because it was not promptly asserted in Maroni's answer to Firewater's complaint, or because it was belatedly asserted after the circuit court's deadline for the filing of dispositive motions. However, we have said that "enforcement of the time limits in [a scheduling] order is within the court's broad discretion to control its docket." *Baker v. Chemours Co. FC, LLC*, 244 W. Va. 553, 563, 855 S.E.2d 344, 354 (2021). *See also*, *B.F. Specialty Co. v. Charles M. Sledd Co.*, 197 W. Va. 463, 466, 475 S.E.2d 555, 558 (1996) ("[T]rial courts have the inherent power to manage their judicial affairs that arise during proceedings in their courts, which includes the right to manage their trial docket."). Furthermore, Maroni's motion merely sought to enforce the parties' agreement that only the courts of Allegheny County, Pennsylvania, would decide the parties' dispute. Coupled with the parties' agreement that the forum-selection clause could never be waived by a party's failure to promptly insist on enforcement, we see no error in the circuit court's decision to bind Firewater to the contract it drafted.

Applying Syllabus Point 4 of *Caperton*, the parties' forum-selection clause was presumptively enforceable. Firewater did not present to the circuit court any evidence or argument that the clause was unreasonable, unjust, or otherwise invalid, revocable, or unenforceable. Firewater also did not challenge the enforceability of the waiver clause. On this record, we can find no error in the circuit court's decision to enforce the forum-selection clause and must, accordingly, affirm.

Affirmed.

**ISSUED**: May 30, 2023

**CONCURRED IN BY**:

4

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn