# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 28, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD WILHELM, III, and**
**MARY R. WILHELM,**
**Plaintiffs Below, Petitioners**

**v.) No. 24-ICA-129**          (Cir. Ct. Wood Cnty. Case No. CC-54-2021-C-150)

**KYRA L. SMITH, as Executrix of the Estate of Kathryn Wilhelm,**
**KYRA L. SMITH, as Executrix of the Estate of Richard Wilhelm, Jr.,**
**and THE KYRA L. SMITH FAMILY TRUST U/A DATED 5/29/09,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Richard Wilhelm, III, and Mary R. Wilhelm (collectively "Petitioners") appeal the January 8, 2024, order of the Circuit Court of Wood County which entered judgment in favor of Respondent the Kyra L. Smith Family Trust U/A dated 5/29/09 ("the Trust") and against Respondent Kyra L. Smith, as Executrix of the Estate of Richard Wilhelm, Jr., ("the Estate of Richard Wilhelm" or collectively "the Estates") in the amount of $1,173,895.00 plus prejudgment interest and other costs. Petitioners also appeal the circuit court's February 27, 2024, order which denied petitioners' motion for a new trial and motion to stay. The Trust filed a response, and the Estate of Richard Wilhelm and Respondent Kyra L. Smith, as Executrix of the Estate of Kathryn Wilhelm ("the Estate of Kathryn Wilhelm" or collectively "the Estates") filed a joint response.[1] Petitioners filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] Petitioners are represented by Leah R. Chappell, Esq., and Richard D. Smith, Jr., Esq. The Trust is represented by Craig J. Wakefield, Esq., and Caroline A. Crum, Esq. The Estate of Richard Wilhelm and the Estate of Kathryn Wilhelm are represented by Stephen L. Thompson, Esq., J. Nicholas Barth, Esq., and Robert S. Fluharty, Jr., Esq.

1

Petitioners are husband and wife, and Petitioner Richard Wilhelm, III, and Respondent Kyra L. Smith are siblings and the children of Richard Wilhelm, Jr., and Kathryn L. Wilhelm. During his lifetime, Richard Wilhelm, Jr., owned a vast portfolio of mostly commercial property located in Wood County, West Virginia, and this property generated significant rental income. As part of their estate plan, Richard Wilhelm, Jr., and Kathryn L. Wilhelm established the Trust. The Trust was funded with seven tracts of real property located in Wood County, West Virginia (the "Real Property"). This lawsuit is based on allegations that Richard Wilhelm, Jr., continued to treat the Real Property as his own after it was conveyed to the Trust and that the Trust did not receive income from this Real Property. The parties further allege that Kyra L. Smith, acting as trustee for the Trust, executed and delivered to Kathryn L. Wilhelm a promissory note and deed of trust which obligated the Trust to pay a sum of money each month. It is alleged that the Trust was unable to satisfy this promissory note due to Richard Wilhelm, Jr.'s actions.

On June 24, 2021, petitioners filed their complaint against the Trust, the Estates, Kyra L. Smith, and Smith Wilhelm Rentals, LLC. The defendants below filed their answers, and the Trust also asserted crossclaims against the Estate of Richard Wilhelm, Jr., based on the allegation that he was indebted to the Trust based on his collection of the rental income. In addition, the Estate of Richard Wilhelm, Jr., filed its own crossclaims against the Trust. On April 4, 2022, the circuit court entered an order staying the case until probate proceedings pending before the Wood County Commission were resolved.

Next, on July 26, 2022, the Estate of Richard Wilhelm, Jr., filed a motion to appoint a special commissioner to have an objective third party review evidence and report on the account between the Estate and the Trust. This motion was set for hearing on August 15, 2022, but was rescheduled for September 13, 2022. Petitioners did not file a response to this motion. On September 2, 2022, the circuit court entered its order appointing Special Commissioner George Y. Chandler to determine "what monies, if any, may be owed by the Estate of Richard Wilhelm, Jr. to [the Trust] and/or [the Trust] to the Estate of Richard Wilhelm, Jr."

On September 16, 2022, petitioners filed a motion for relief from the order entered on September 2, 2022, and moved the circuit court to set aside or rescind the order appointing the special commissioner and/or to lift the stay entered on April 4, 2022, because they argued it was unfair for the circuit court to appoint the special commissioner while the stay was in place. The motion made clear that petitioners did not object to the appointment of the special commissioner but argued they had motions pending related to other issues which were still subject to the stay but that the court had ruled on motions filed by other parties, which was unfair. At a hearing on October 17, 2022, and in an order entered on June 11, 2024, the circuit court lifted the stay but refused to rescind the order appointing the special commissioner.

The special commissioner conducted evidentiary hearings on October 12, 2022, and on June 5, 2023, where counsel for all parties were present, were permitted to question all witnesses who testified, and were able to present evidence. On July 18, 2023, the special commissioner entered his report that concluded the Estate of Richard Wilhelm, Jr., owed the Trust $1,173,895.00. No party objected to the report of the special commissioner. On August 4, 2023, the Trust moved the circuit court to adopt the report of the special commissioner. On August 18, 2023, petitioners filed a motion to stay the crossclaims between the Trust and the Estate of Richard Wilhelm, Jr., arguing that the crossclaims should have been decided by a jury and that these claims show the Trust and the Estate of Richard Wilhelm, Jr., are colluding. On August 25, 2023, petitioners also filed an objection to the Trust's August 4, 2023, motion asking the circuit court to adopt the report of the special commissioner. The circuit court held a hearing on August 29, 2023, and then entered an order dated December 1, 2023, which adopted the report of the special commissioner.

On December 11, 2023, the Trust filed a motion for certification pursuant to Rule 54(b) to certify the December 1, 2023, order and make it a final appealable judgment. On January 8, 2024, the circuit court granted the Trust's motion for certification and entered its judgment order. [2] On January 23, 2024, petitioners filed a motion for new trial, which was denied by order dated February 27, 2024. Petitioners appeal the circuit court's January 8, 2024, order and its February 27, 2024, order.

In addressing the instant appeal, our standard of review is as follows:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997). Further, petitioners have appealed the circuit court's denial of their motion for a new trial. "This Court reviews the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 1, *Burke-Parsons-Bowlby Corp. v. Rice*, 230 W. Va. 105, 736 S.E.2d 338 (2012), *superseded by statute on other grounds as recognized in Martinez v. Asplundh Tree Expert Co.*, 239 W. Va. 612, 617, 803 S.E.2d

---

[2] Although the Trust asked the Court to certify the December 1, 2023, order as final, the Court entered judgment on the Trust's crossclaim in the January 8, 2024, order, which it certified as a final appealable order.

582, 587 (2017). "Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. Pt. 4, *Sanders v. Georgia-Pac. Corp.*, 159 W. Va. 621, 225 S.E.2d 218 (1976). With these standards in mind, we turn to the arguments at issue.

On appeal, petitioners assert three assignments of error. First, they argue the circuit court erred in its February 27, 2024, order, when it held that petitioners' motion for a new trial was untimely. We agree this was error but find it to be harmless. Rule 61 of the West Virginia Rules of Civil Procedure states that:

> no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

The petitioners here seek to reverse the circuit court's ruling that they were not entitled to a new trial based solely on the erroneous determination that petitioners' motion was untimely. On January 8, 2024, the circuit court entered its judgment order in favor of the Trust and against the Estate of Richard Wilhelm, Jr. On January 23, 2024, petitioners filed a motion for new trial and sought relief related to that order. In its February 27, 2024, order, the circuit court denied petitioners' motion for new trial and held it considered the hearing, evidence, and the record to determine petitioners failed to show by a preponderance of the evidence that the circuit court's prior orders should be altered. It further held that petitioners' motion was untimely filed. The Trust concedes that this motion was timely filed, and we agree. However, petitioners have failed to present any evidence to show this erroneous determination impacted the circuit court's consideration of this motion or petitioners' own substantial rights in any way. Although the circuit court found that the motion was untimely, the circuit court clearly articulated another basis for its ruling and considered this motion on its merits. Petitioners have not challenged the circuit court's meritorious determinations here and, accordingly, we can find no abuse of discretion by the circuit court in declining to grant a new trial on that basis. As a result, petitioners' first assignment of error fails.

For their second assignment of error, petitioners argue the circuit court abused its discretion when it granted the Trust's motion for certification without allowing petitioners the opportunity to respond. Again, petitioners have failed to show reversible error. On December 11, 2023, the Trust filed a motion for certification pursuant to Rule 54(b) and moved the circuit court to enter a judgment order and certify its December 1, 2023, order adopting the report of the special commissioner as a final appealable judgment. The circuit

court granted this motion and entered a judgment order on January 8, 2024. Under Rule 6(d)(2)(A) or (B) of the West Virginia Rules of Civil Procedure, petitioners argue they should have been given until February 19, 2024, to file a response. Again, petitioners fail to cite any law to show this was reversible error. To the contrary, the Supreme Court of Appeals of West Virginia is clear that "[t]rial courts have the inherent power to manage their judicial affairs that arise during proceedings in their courts, which includes the right to manage their trial docket." Syl. Pt. 2, *B.F. Specialty Co. v. Charles M. Sledd Co.*, 197 W. Va. 463, 475 S.E.2d 555 (1996). The circuit court had previously made its meritorious determination to adopt the Report of the special commissioner and the January 8, 2024, order only entered a final, appealable judgment based on the substantive rulings in the December 1, 2023, order. We recognize a circuit court's ability to manage its own judicial affairs and find the circuit court did not abuse its discretion in entering its January 8, 2024, order without allowing petitioner time to respond. Thus, petitioners' second assignment of error fails.

Finally, petitioners argue the circuit court erred when it allowed the crossclaims between the Trust and the Estate of Richard Wilhelm, Jr., to be adjudicated by the special commissioner because petitioners were denied their rights to a jury trial and due process. The Estates argue this assignment of error is waived because petitioners failed to object to the appointment of the special commissioner. We agree. As this Court has held previously, "[a]ppellate courts will not decide nonjurisdictional questions raised for the first time on appeal." *Hecker v. McIntire*, No. 22-ICA-15, 2023 WL 152889, at *3 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision) (citing Syl. Pt. 1, *Mowery v. Hitt*, 155 W. Va. 103, 181 S.E.2d 334 (1971)). Petitioners had numerous opportunities to raise this objection below but failed to make this objection timely. First, petitioners failed to file a response to the Estate of Richard Wilhelm, Jr.'s July 26, 2022, motion moving the circuit court to appoint a special commissioner. In the circuit court's September 2, 2022, order, it included a portion of the transcript from the February 28, 2022, hearing where petitioners clearly and explicitly stated they had no objection to the appointment of the special commissioner. On September 16, 2022, petitioners filed a motion for relief from the order entered on September 2, 2022, but again failed to raise these objections and made clear that they, again, did not object to the appointment of the special commissioner. Finally, the special Commissioner conducted hearings on October 12, 2022, and on June 5, 2023, and petitioners have failed to show that they raised any objection to those proceedings at either of these hearings. As a result, petitioners failed to timely raise these jury trial concerns below and have failed to preserve this argument for appeal. Accordingly, petitioners' third assignments of error is waived.

Accordingly, we affirm.

Affirmed.

**ISSUED:**  February 28, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear

Judge S. Ryan White not participating.